GREER v. FONTAINE.

Opinion delivered November 14, 1903.

1. APPEAL AND ERROR—CHANCELLOR'S FINDING—CONCLUSIVENESS.—
Though a chancellor's findings are not conclusive, they will not
be disturbed unless they appear to be clearly against the evidence.
(Page 608.)

2. EJECTMENT—IMPROVEMENTS—MEASURE OF VALUE.—The measure of
value of the improvements for which Sand. & H. Dig., § 2590,
authorizes compensation to be made to one holding under color of
title before possession is transferred to the owner of the land in
ejectment is the enhanced value of the land, and not their actual
cost.    (Page 608.)

Appeal from Howard Chancery Court.

JAMES D. SHAVER, Chancellor.

Affirmed.

W. C. Rodgers, D. B. Sain, for appellant.

As betterments the enhanced value of the land is recoverable.
16 Utah, 138; 32 S. W. 398; 35 Neb. 660; 70 Ia. 671; 54 S. C. 100;
74 Miss. 459; 53 Fed. 895; Sand. & H. Dig. § 2590.  Appellant
had color of title.  34 Ark. 547; 48 Ark. 183; 50 Ark. 141; 60 Ark.
499.  If the deed was void, it was color of title.  40 Ark. 237; 13
How. 472; 20 S. E. 831.  An honest belief in his right or title is
sufficient.  81 N. W. 1086; 74 Miss. 459.  The law will presume
that the improvements were made in good faith.  134 Ind. 92;
146 Ind. 186.  Actual notice is the test.  48 Ark. 183; 51 Ark. 275.
As to infants the doctrine of estoppel is not available.  51 Ark. 61;
62 Ark. 316; 30 Fed. 679; 38 Fed. 482; 102 U. S. 300; 110 Ill. 16;
5 Sandf., 224; 25 Cal. 147; 62 Ind. 111.  If one knowingly per-
mits another to improve his land without making known his claim,
he can not afterwards exercise his legal rights against such person.
102 U. S. 68; 1 John., Ch., 344; 3 McC., 507; 24 Ark. 371; 18 Ark.
142; 15 Ark. 555; 35 N. H. 99, 115; 39 Fla. 465; 65 Fed. 742;
2. Her. Est., § 939; 66 Mo. 605; 61 Ark. 575.  Ignorance of his
title will not excuse him.  3 Conn. 347; 5 Mo. 82; 1 Vern., 136;

63 S. W. 47. Whoever asks equity must do equity. 40 Ark. 393; 51 Ark. 1, 18; 47 Ark. 421; 46 Ark. 73.

*W. D. Lee,* for appellee.

Appellees are entitled to one-half interest in the land. Sand. & H. Dig. §§ 2479, 2491; 15 Ark. 555, 695; 19 Ark. 396; 31 Ark. 103. Where one has sufficient information to lead him to a fact, he shall be deemed conversant with it. 53 Fed. 872. A defendant in ejectment seeking to assert a right as occupying claimant must bring himself within the statute. 47 Pac. 476. Improvements must be permanent. 1 Head, 108. The cost of the cistern is not a valid claim for improvements. 14 S. W. 343; 53 Ark. 571. Title to real estate can not be lost by silence, where one was ignorant of his rights. 98 Tenn. 525; 179 Pa. St. 277. Where one has knowledge, his claim will be barred by an unreasonable delay. 76 Wis. 662; 137 U. S. 556; 138 U. S. 486; 139 U. S. 380; 46 N. J. Eq. 484. Ignorant parties can not be charged with laches. 85 Va. 429; 94 Va. 342; 95 Va. 10; 15 Utah, 280. To constitute laches there must be delay together with facts and circumstances during such delay to the prejudice of innocent parties. 97 Wis. 137; 88 Mich. 177.

BUNN, C. J. This is an action. originally in ejectment, in the Howard circuit court, by the heirs at law of Jack Sims Fontaine, deceased, against the appellant, Josiah Greer, for the recovery of an undivided half interest in 120 acres of land lying and being situate in Howard county and described in the complaint. The defendant made his answer a cross-bill, and moved the court to transfer the cause to the equity docket, which was accordingly done, and the plaintiffs answered the cross-bill.

J. D. Fontaine was the owner, and died seized in fee and possessed of the tract of land in controversy, having made a will in which he devised the same in equal parts to his wife, Irene Fontaine, and his infant son, Jack Sims Fontaine, and died on the 12th day of February, 1894.

On the 31st day of July, 1898, Jack Sims Fontaine died without issue and intestate. Irene, the widow of J. D. Fontaine, married the appellant, Josiah Greer, on the 11th day of September, 1898. On the 2d day of March, 1899, the said Irene sold the land in controversy to her said husband, Josiah Greer, for the sum of $550, and delivered to him her warranty deed therefor, which was duly recorded on the 8th of April, 1899.

At first, both parties appear to have regarded the deed from Irene Greer to her husband as conveying the fee in the whole tract, and not a half interest only, or at least did not understand what was really thereby conveyed. There seems, however, to have been no controversy finally over the fact that Josiah Greer took from his wife only her half interest. The whole litigation was then resolved into a contention over the amount and value of improvements put on the place by Josiah Greer from the time he took possession in 1898 until the institution of this suit.

The principal difficulty in determining the value of improvements is in selecting such items testified to by witnesses as are to be considered improvements in the sense of what is known as the "Betterment Act," approved March 8, 1883 (Laws 1883, p. 106). The defendant (appellant here) contends that he is entitled to credit for every item set forth in the deposition of W. F. Hill, a witness for defendant. These items consist of work done upon the land, both of a permanent and temporary character; of original construction and repairs, amounting to $1000 and more. The plaintiffs contend that the defendant is entitled to credit for such items as are named in statement and list attached to the deposition of W. E. Tiffin, a witness for plaintiffs, fixing the value of improvements at $325.41.

The first section of the act referred to, being section 2590 of Sand. & H. Dig., reads as follows, to-wit: "If any person, believing himself to be the owner, either in law or equity, under color of title, has peaceably improved, or shall peaceably improve, any land, which upon judicial investigation shall be decided to belong to another, the value of the improvements made as aforesaid and the amount of all taxes paid on said land by such person, and those under whom he claims, shall be paid by the successful party to such occupant, or other person under whom or from whom he entered and holds, before the court rendering judgment in such proceeding shall cause possession to be delivered to such successful party."

The chancellor found that more than half the items of charge in the list attached to W. F. Hill's deposition were items not embraced within the meaning of the said betterment act, were not, in fact, improvements contemplated in that act, and the aggregate amount of the legal charges under the testimony to be $500, the half of which was owing by plaintiffs as tenants in common with the defendant. This is in excess of the amount admitted to be the true amount of the value of the improvements, and this excess

is $174.59. We find the items of changing and construction of road not mentioned in the court's findings, but the excess referred to substantially covers the value of changing and constructing the road.

There are various items about which we have grave doubts, especially as to whether they come under the meaning of improvements or not. The chancellor makes his findings in round numbers, rather than in detail. We could wish that he had adopted the latter method, as it would have been fairer to the appellate court, and more satisfactory to all parties concerned, had he done so. A chancellor's findings are not conclusive, it is true, but we will not disturb them unless they appear to be clearly against the evidence. It is impossible to reach a very accurate conclusion on the subject from the evidence adduced, but the chancellor has done substantial justice, and we find no error in that regard. Moreover, in addition to the determination of what items were within the purview of the law, he had also the discretion to determine the real value of each item claimed upon sharply conflicting testimony. In this matter the burden was on the defendant to make out his case. If he has failed to do so in a manner to be fully understood, the fault is his.

The improvements within the meaning of the law are technically and commonly denominated "betterments," and the definition of the term "betterments" to be found in the books is "improvements made to an estate. It signifies such improvements as have been made to the estate which render it better than mere repairs. * * * The term is also applied to denote the additional value which an estate acquires in consequence of some public improvement, as laying out or widening a street, etc. To entitle one to betterments depends upon his *bona fide* supposition that he bought the title in fee." "The measure of the value of betterments is not their actual cost, but the enhanced value they impart to the land, without reference to the fact that they were desired by the true owner, or could not be profitably used by him." Bouvier's Law Dictionary. This definition is that given substantially in all jurisdictions having statutes like ours. Sometimes we say the improvements must be permanent, and not merely temporary. The idea seems to pertain that the improvements are such as will add to the value of the land, as it shall come into the occupancy and use of the true owner, for he is the person required to pay for them, although they have been made without his consent. Were any

other rule sought to be enforced, betterment acts would or might give rise to constitutional questions..

Upon the whole case we can point out no error in the chancellor's findings. The decree is therefore affirmed.