CRANFORD v. CRANFORD.

Opinion delivered January 13, 1908.

APPEAL—CONCLUSIVENESS OF CHANCELLOR'S FINDINGS.—A chancellor's findings of fact will not be disturbed unless clearly against the preponderance of the evidence.

Appeal from Sevier Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Sain & Sain,* for appellant.

1. The facts proved and admissions made by appellee bring this case within the rule laid down in 44 Ark. 429. And, if it be true that appellant is partly to blame for his conduct toward her, she need not be wholly blameless to be entitled to divorce. *Id.* 434; 68 Ark. 158; 76 Ark. 28; 77 Ark. 94. Indignities need not be attended by bodily harm. If they are of such a nature as to render the plaintiff's life with the defendant intolerable, and it appears probable that they would be continued, relief should be granted. *Supra;* 9 Ark. 507; 38 Ark. 324; 33 Ark. 156; 72 Ark. 355.

2. If appellant was less culpable than appellee, and if his conduct drove her from his home, the court erred in not giving her a decree for divorce and alimony. 82 Ark. 278; 6 L. R. A. 187; 130 N. Y. 193; 47 N. J. Eq. 210.

*W. P. Feazel,* for appellee.

1. If the circumstances narrated and relied upon by appellant were unexplained, and were admitted to be true, she has made out no case for divorce. 38 Ark. 324; *Id.* 119; 44 Ark. 429; 9 Ark. 507.

When she returned to appellee after the first separation, she condoned all indignities offered prior to that time. 73 Ark. 281; 72 Ark. 611.

2. The decree granting to appellee a divorce on the ground of desertion is fully sustained by the evidence.

HART, J. On the 24th day of September, 1906, Sallie Cranford filed a complaint for divorce against Levi Cranford in the Sevier Chancery Court. The complaint alleged that, soon after their marriage, defendant became unnecessarily jealous of her, and was guilty of such barbarous conduct as to render her condition in life intolerable.

On the 13th day of October, 1906, the defendant filed his answer, denying the allegations of the complaint, and for cross-complaint alleged that plaintiff was cross and quarrelsome and other indignities that rendered his life intolerable.

The cause was heard upon depositions, and a decree was

rendered on the 17th day of November, 1906, dismissing both the complaint and the cross-complaint for want of equity. Plaintiff has appealed.

On the 14th day of March, 1907, Levi Cranford filed a complaint for divorce in the Howard Chancery Court against Sallie Cranford. To this suit Sallie Cranford filed her answer and cross-complaint. This cause was heard upon the pleadings, the depositions on file, and the transcript of the former cause heard in the Sevier Chancery Court. The court rendered a decree in favor of the plaintiff, and the defendant appealed. The appeals in the two cases were consolidated for trial here.

At the date of the trial, Levi Cranford was 72 years, and Sallie Cranford was 45 years, of age. They were married on November 8, 1900, in Howard County, Arkansas, and lived in that county until March 12, 1906, the date of their separation. Sallie Cranford left Levi Cranford on that date, and went to Sevier County to live with relatives, and has since resided there. These are the undisputed facts.

On the question as to how the parties conducted themselves toward each other during the time they lived together, the testimony is conflicting. The testimony was voluminous, and no useful purpose can be served by abstracting it here.

The parties were ill suited to each other by reason of age, dispositions and habits. The old man was penurious, but that was a fault rather attributable to his mode of life than to any dissatisfaction with his wife. He had always been a poor man, and no doubt his habits of dress, complained of by his wife, and his penuriousness were the result of a long struggle to accumulate something for his old age. He took the part of his wife when she quarrelled with her stepson. He abandoned a life on the farm, to which he had always been accustomed, and which suited his tastes, and at her request moved to a place adjacent to the town of Nashville. The testimony shows that on the day of her mother's funeral he refused to accompany his wife to her brother's for the night. His conduct in this respect is inexcusable. But on the whole case we cannot say that the findings of the chancellor are clearly against the preponderance of the testimony, and, according to the repeated rule in such cases, his findings of fact will not be disturbed. *Greer* v. *Fontaine,* 71

Ark. 605; *Mooney* v. *Tyler,* 68 Ark. 314; *George* v. *Norwood,* 77 Ark. 216; *Boggianna* v. *Anderson,* 78 Ark. 420.

Judgment affirmed.