KAYLOR *v.* LEWIS.

4-8399                                                    208 S. W. 2d 185

Opinion delivered February 2, 1948.
Rehearing denied March 1, 1948.

*Hardin, Barton & Shaw* and *A. A. McCormick*, for appellant.

*Harper, Harper & Young*, for appellee.

McHaney, Justice. Appellant is the daughter of B. L. Lewis who died intestate in Sebastian county on October 7, 1942, and brought this action for herself and for the other heirs of said intestate, she and they being his children by his first wife. Appellee, Julia M. Lewis, is the widow of intestate, and was his second wife. The other appellee, Halton Henry is her son by her first husband.

The object of the suit was to cancel and set aside a deed executed by B. L. Lewis on May 18, 1942, conveying to his wife certain real estate in Sebastian county, on the grounds with another hereinafter mentioned, of incompetency of the grantor and fraud and undue influence of appellees. We understand appellant has abandoned these allegations as grounds for cancellation on this appeal.

The deed conveyed to appellee, the wife, certain real estate described therein by metes and bounds which was duly recorded, and which we will refer to as tract No. 1. Thereafter, more than two years after the death of B. L. Lewis, appellee Henry, with the knowledge and consent of his mother, had said deed altered and changed so as to add thereto the description of a number of lots and blocks "in the Town of Salem, Arkansas," and one and one-eighth acres of unplotted land described by metes and bounds. The deed was then re-recorded. We understand this tract is the home place, where they were living at the time of B. L. Lewis' death, and we will refer to it as tract No. 2.

Appellee Julia M. conveyed tract No. 1 containing 11 acres, to E. H. Richmond on October 20, 1944, for a consideration of $550, and on the same date conveyed tract No. 2 to her son, appellee Henry.

Appellant attacked the conveyance of tract No. 2 as being fraudulent, it having been admittedly added to the original deed without any authority. Appellees sought by cross-complaint to have the original deed reformed so as to include tract No. 2 on the ground that it was the

intention of the grantor, B. L. Lewis, to convey all his real estate to his wife in the deed of May 18, 1942, but through error or mistake of the scrivener it was omitted.

Trial resulted in a decree sustaining the conveyance as to both tracts. As to tract No. 2, the court held that the addition of said tract to the deed was of no force and effect, but did not constitute such an alteration thereof as to render it void; that the evidence sufficiently established the intent of B. L. Lewis to convey to his wife both said tracts; that both of them thought it did since his attorney was instructed to prepare said deed so as to include them; and that said attorney inadvertently omitted tract No. 2 from said deed. A decree was entered dismissing appellant's complaint for want of equity, reforming said deed so as to include tract No. 2, and confirming the title to said tract in appellee Henry. This appeal followed.

We agree with the learned Chancellor as to tract No. 1, but disagree as to tract No. 2. We assume that the evidence was sufficiently clear, cogent and convincing to justify a reformation of the deed, that is, that B. L. Lewis intended to convey tract No. 2 to his wife, and we would sustain it if this were not a voluntary conveyance,—one without consideration except love and affection. It has long been the rule of this court, and in general, that a voluntary conveyance cannot be reformed. *Wells* v. *Smith,* 198 Ark. 480, 129 S. W. 2d 251. The former cases were there reviewed extensively and we will not repeat them here.

Appellee relies upon the exception to the rule above stated that a voluntary conveyance may be reformed where the grantee entered into possession and made valuable improvements. If we assume that appellee, Julia M., made valuable improvements on tract No. 2 during the lifetime of her husband, there is no evidence of her possession during such time other than that she lived there with her husband. He continued in possession as long as he lived. In fact, she had no semblance of title thereto until said deed was altered about two years after his death.

788

The decree will be affirmed as to tract No. 1, but will be reversed as to tract No. 2 and remanded with directions to cancel the deed of Julia M. to Halton Henry, and to quiet the title in appellant and the other heirs of B. L. Lewis to tract No. 2, subject to the dower and homestead rights of Julia M. Lewis.