LATHROP *v.* SANDLIN.

5-439                                              268 S. W. 2d 606

Opinion delivered June 7, 1954.

O. J. Fergeson and Caviness & George, for appellant.

Lynn Wilson, for appellee.

WARD, J. On November 1, 1926, one D. A. Ward executed a deed to his wife, Susan J. Ward, purporting to convey Lot 10, Block 5, in the town of Plainview and also their homestead consisting of four and one-half acres. The description of the four and one-half-acre tract was indefinite and both parties to this appeal agree that it does not describe the parcel of land in question. This deed, which we shall hereafter refer to as the "1926 deed" and which was filed for record February 25, 1927, was irregular in form and phraseology as is shown by the following excerpts therefrom. The granting clause reads as follows:

"Do hereby grant, bargain, sell and convey unto the said Susan J. Ward and unto her heirs and assigns forever, the following lands lying in the County of Yell and State of Arkansas, to-wit: Durinh er [during her] naturenal [natural] life anf [and] after life and after death shall return back to her bodily heirs." (Emphasis and brackets supplied.)

The habendum clause reads as follows:

"To have and to hold the same unto the said Susan J. Ward, during her natural life and at her death the above land shall return back to my bodily heirs." (Emphasis supplied.)

The record shows another deed from D. A. Ward to Susan J. Ward, dated March 20, 1936, filed for record July 19, 1949, conveying a fee simple title, in regular form, to lots 9 and 10, block 5, of Plainview and also to the four and one-half-acre homestead by a definite and correct description.

On November 5, 1952, Susan J. Ward deeded all the property described in the 1936 deed to appellees, J. R. Sandlin and Josie Sandlin. D. A. Ward died April 4, 1952, and Susan died June 6, 1953.

On August 11, 1953, this suit was instituted by appellants as the heirs of D. A. Ward against appellees, alleging the execution of the several deeds mentioned above, stating they were the owners of the land because Susan J. Ward received only a life estate in the property by virtue of the 1926 deed and consequently had no interest which she could convey to appellees, alleging the sole effect of the 1936 deed was to reform the first deed and only to the extent of correcting the description of the four and one-half acre tract. The prayer was: That the 1926 deed be reformed as to description only, that the 1936 deed be declared void except for the purpose of reforming the first deed, and that the deed to appellees be removed as a cloud on their title. Appellants filed two additional pleadings in which other issues were raised but they are not inconsistent with the conclusion we hereafter reach, and so need not be discussed.

In appellees' answer and amended answer they allege it was the intent of Susan J. Ward to receive a fee simple title by the 1926 deed; if the 1926 deed is held not to convey a fee then it should be reformed as a fraud on Susan J. Ward, and, in the alternative, that the 1936 deed conveyed a fee title to Susan J. Ward. The prayer was that they be decreed a fee title to all of said property and that appellants' complaint be dismissed.

At the conclusion of the testimony the chancellor found that the 1926 deed should be stricken because there was no acceptance by Susan J. Ward, and appellants' complaint was dismissed. From this decision appellants prosecute this appeal.

There is no dispute about the factual situation as it relates to the issues herein discussed. D. A. Ward, who had children by a former wife, married Susan in 1920. To the latter union no children were born. After marriage it appears that Susan advanced her husband a loan

of approximately $3,000 and in order to secure the loan he took out a $5,000 insurance policy payable to her. After making several payments the policy was allowed to lapse and, apparently in lieu of the policy, D. A. Ward executed the 1926 deed and the 1936 deed, both of which recited a consideration of $3,000.

The 1926 deed, insofar as the homestead is concerned, was ineffective to convey any title to Susan or to create a remainder in appellants because of the defective description. See *Howell* v. *Rye, et al.,* 35 Ark. 470; *Adams and Another* v. *Edgerton,* 48 Ark. 419, 3 S. W. 628; *Northern Road Improvement District of Arkansas County* v. *Zimmerman,* 188 Ark. 627, 67 S. W. 2d 197, and *McClelland* v. *McClelland,* 219 Ark. 255, 241 S. W. 2d 264.

Appellants' action to have the 1926 deed reformed cannot be sustained because this conveyance, insofar as their claim is concerned, was voluntary. They paid nothing to their father and he was under no legal obligation to convey to them the homestead. See *Smith* v. *Smith,* 80 Ark. 458, 97 S. W. 439; *Wells* v. *Smith,* 198 Ark. 476, 129 S. W. 2d 251; *Kaylor* v. *Lewis,* 212 Ark. 785, 208 S. W. 2d 185, and *Ketchum* v. *Cook,* 220 Ark. 320, 247 S. W. 2d 1002.

Since appellants cannot reform the 1926 deed to make it an effective conveyance of the homestead, D. A. Ward's deed to Susan in 1936 conveyed to her a fee simple title. The same is true as regards said lot 9 because it was not included in the 1926 deed.

The conveyance of the homestead to Susan by the 1936 deed was not in violation of Ark. Stats., § 50-415. This section in effect says that a conveyance of a homestead by the husband is invalid unless signed by the wife, but we have consistently held that this restriction does not apply to a conveyance by a husband to his wife where the conveyance is accepted by her. There is no contention here that Susan did not accept the 1936 deed. In *Kindley* v. *Spraker,* 72 Ark. 228, 79 S. W. 766, the court said:

"We think the conveyance by the husband directly to his wife, which meets her approval, shows her consent to it, and meets the intent of the act to the same extent as a conveyance by the husband to a third person in which the wife joins."

In conformity with the above, we conclude that the trial court was correct in dismissing appellants' complaint insofar as it relates to said lot 9 and the four and one-half acre homestead. Lot 10 presents a different situation.

The 1926 deed contained a proper description of said lot 10 and therefore need not be reformed in order to constitute a valid conveyance as to that lot. This deed, as we gather the intent of the grantor from the language in the deed itself, conveyed only a life estate to Susan J. Ward with the remainder to the bodily heirs of D. A. Ward. As stated before Susan Ward left no bodily heirs.

We do not entirely agree with the chancellor's finding that Susan J. Ward did not accept the 1926 deed. We think the evidence is clear that she did accept it insofar as it was an effective conveyance, *i. e.*, as to lot 10. It was retained for approximately four months and then placed of record. The registration of a deed raises a presumption of its delivery and acceptance where it is beneficial to the grantee. *Graham* v. *Suddeth,* 97 Ark. 283, 133 S. W. 1033. The evidence also shows that she was aware of the existence of the 1926 deed and that she attempted to collect rents from the property conveyed. This acceptance, however, in no way prevented her from also accepting the 1936 deed.

Therefore the bodily heirs of D. A. Ward, who are the appellants here, had an interest in said lot 10 by virtue of the 1926 deed that could not be extinguished by the 1936 deed which they did not sign. This Court has uniformly held that a remainderman has such an interest as will sustain a suit to prevent waste. *Watson* v. *Wolff-Goldman Realty Company,* 95 Ark. 18, 128 S. W. 581, and *Eversmeyer* v. *McCollum,* 171 Ark. 117, 283 S. W. 379. The former case cited with approval *Kollock* v.

*Webb,* 113 Ga. 762, 39 S. E. 339, which held a remainder-man had this right whether his interest was vested or contingent. In *Tatum* v. *Tatum,* 174 Ark. 110, 295 S. W. 720, the right of a contingent remainderman was said to be similar to the inchoate right of dower. We conclude therefore that the trial court was in error in dismissing appellants' complaint insofar as it relates to said lot 10.

The decree of·the trial court is affirmed insofar as it affects lot 9 and the homestead, it is reversed insofar as it affects lot 10, and is remanded with directions to the trial court to enter a decree consistent with this opinion.