HUTCHISON *v.* SHEPPARD.

5-954                                 290 S. W. 2d 843

Opinion delivered June 4, 1956.

*Pickens & Pickens,* for appellant.
*Kaneaster Hodges,* for appellee.

GEORGE ROSE SMITH, J.   For the second time an appeal and cross appeal bring this case up for review. The suit was brought by the appellees, Kate Anthony Sheppard and others, to recover possession of 120 acres. The defense of the appellants, Porter Hutchison and his wife, was a claim of title in themselves.   Our first opinion held that the Hutchisons had only an estate *pur autre vie,* which was terminated by the death of Edgar Anthony in 1953, and that Mrs. Sheppard then became entitled to possession for the rest of her life.   The cause was remanded for further proceedings with reference to the appellants' right to reimbursement for improvements made before the expiration of their estate in the land.   *Hutchison* v. *Sheppard,* 225 Ark. 14, 279 S. W. 2d 33.

Upon remand the chancellor, among other things, (*a*) gave the appellants judgment for $500 for improvements, this award being apportioned against Mrs. Sheppard and the reversioners, and (*b*) allowed the appellants $1,088 for their expense in planting and cultivating the unmatured crops that were on the land when the final decree was rendered in July of 1955.   By appeal the Hutchinsons contend that both sums are inadequate; by cross appeal the appellees contend that the appellants are not entitled to anything upon either claim.

We consider first the allowance of $500 for improvements.   The appellees contend that the Hutchisons did not have a good faith belief in their claim of ownership and therefore cannot rely upon the betterment act.   Ark. Stats. 1947, § 34-1423.   The chancellor's decision upon this question of fact does not appear to be against the weight of the evidence.   Porter Hutchison bought the land from his father in 1941, received a warranty deed purporting to convey the fee simple, improved the property rather extensively, and testified that he "never was scared of the title."   The appellees attempt to show that Porter did not pay full value for the land, but this argument is weakened by the fact that a father was selling to his son.   The appellees also stress Porter Hutchison's admission that he "looked at" an abstract of title

in 1947. This, however, was six years after his purchase, and .even if Hutchison saw the abstractor's description of the deed to Edgar Anthony for life, with remainder to his bodily heirs, it is doubtful if a layman would understand the legal effect of that conveyance.. We are not convinced that the Hutchisons knew. their estate to be a limited one.

The appellants' contention that the award of $500 is inadequate also involves the review of an issue of fact. There is much testimony concerning the cost and present value of the improvements, but the question is the amount by which they enhance the value of the land. *McDonald* v. *Rankin*, 92 Ark. 173, 122 S. W. 88. The chancellor concluded that the buildings were originally worth $2,500, but he deducted $1,500 for depreciation and $500 more for the appellants' failure to keep the improvements in good repair. This reasoning is in harmony with the principles discussed in the *McDonald* case, and the finding of fact is well supported by photographs in the record. We cannot say that some higher allowance for the improvements would be better sustained by the evidence than is the figure fixed by the trial court.

The other issue relates to the item of $1,088 that was allowed for the planting and cultivation of the 1955 crop. · This crop was growing on the land when Mrs. Sheppard finally obtained possession in June or July and was presumably harvested by her in the fall. In contending that the Hutchisons are entitled to nothing for having planted and cultivated the land Mrs. Sheppard argues that this is in substance an action in ejectment and that in such an action the ousted defendant is treated as a trespasser.

We do not find this argument persuasive. The original decree awarding possession to Mrs. Sheppard was entered in August of 1954. The Hutchisons elected to supersede that decree pending the first appeal, as they had a legal right to do. Their continued possession had the sanction of the law and cannot be regarded as a trespass. When Mrs. Sheppard's right to possession was confirmed by the decision of this court she could have demanded

either the rental value of the land or the land itself with the growing crop. Obviously she could not have both, since the landowner cannot expect to receive both the crop and a cash rent from the occupant who labored to produce it. See *Gardner* v. *Kersey,* 39 Ga. 664, 99 Am. Dec. 484. Mrs. Sheppard elected to take the crop, and it is plainly fair to require her to reimburse the Hutchisons for outlays that she would have been required to make if the decree had not been superseded and she had cultivated the land herself. The point was so decided in *Gillies* v. *Radke,* 78 N. D. 974, 54 N. W. 2d 155; see also Rest., Restitution, § 158.

The appellants are correct in their contention that the award of $1,088 is not quite sufficient. The undisputed proof shows that the appellants had spent $1,207.50 in planting and cultivating the land when possession was surrendered to Mrs. Sheppard in the summer of 1955. The chancellor disallowed three items of expense, totaling $119.50, that were incurred in the interval between the filing of the mandate from this court and the actual relinquishment of possession. These outlays, however, were just as beneficial to Mrs. Sheppard as the expenditures made before the mandate was filed, and there seems to be no sound reason for their disallowance. This award is therefore increased to the full amount of $1,207.50.

Affirmed as modified.