WALLIS v. McGUIRE.

5-2508                                    352 S. W. 2d 940

Opinion delivered January 22, 1962.

*Maner & Stanley*, for appellant.

No brief filed for appellee.

CARLETON HARRIS, Chief Justice.   This is the second appeal relating to the property here involved. In the first appeal, *McGuire v. Wallis*, 231 Ark. 506, 330 S. W. 2d 714, we reversed the decree of the Hot Spring Chancery Court which found that Wallis had acquired title to the lands in controversy by adverse possession. The case was remanded to that court for further proceedings. Following remand, Wallis filed a petition with the Chancery Court seeking reimbursement for improvements which he had made on the property. Appellees herein (Mrs. Katie McGuire, et al) then filed a motion in which they asserted, *inter alia*, that if Wallis "is given credit for the improvements he placed upon the property that he be held accountable for the timber which he sold off the land and for the rents he received"; further, that Wallis had enjoyed the use and benefit of the land. At the hearing, it was stipulated between counsel that the testimony in the prior case should be made a part of the present record. Appellants' purpose in petitioning the court was to offer specific proof as to the investment

492

made in the property by Wallis. Counsel for appellees objected to any testimony which would vary the testimony relative to improvements in the previous trial. The court announced: "The rule of the Court is that the testimony may be introduced and will be taken into consideration by the Court as tending to clarify the testimony already given in this case, but during the course of the trial if there is testimony introduced that tends to impeach witnesses, I will not permit that. At this time the Court rules that the testimony can be presented this afternoon on this particular case, and it will be considered by the Court solely to tend to clarify the general value as placed on the improvements in the previous trial." Proof was introduced as to the costs of improvements, but the court refused to consider the testimony, basing its findings on the proof relating to improvements in the first case.

Counsel also requested that appellants be allowed to offer proof relative to rental value of the land, stating, "This issue also was not in controversy in the original proceeding, and came into controversy as incidental to the main question then being tried." The request was denied by the court. The court found that Wallis had made improvements consisting of two barns at a cost of $1,657, a stock pond at a cost of $294, a well at a cost of $164, and fences at a cost of $320, or a total of $2,435. Other credits were allowed in bringing the entire total to $3,222.29. The court charged Wallis with the sale of timber off the lands in the amount of $560, and rent collections from the property in the amount of $1,500, or a total of $2,060. This left a net to Wallis of $1,162.29, but the court held that Wallis had had the use and occupancy of the property for sixteen years, and the rental value amounted to more than this net expenditure. Accordingly, no allowance was given Wallis for improvements or other items claimed in the decree which was subsequently entered, and appellants have appealed to this Court. For reversal, appellants rely upon four points, as follows:

"1. The Court erred in refusing to consider testimony regarding value of improvements made by Clovis Wallis;

2. The Court erred in refusing to permit Clovis Wallis to introduce proof regarding the rental value of the property while it was in his possession;

3. The Court erred in finding that the rental value of the property while it was in Clovis Wallis' possession was $1,162.29;

4. The Court erred in finding that Clovis Wallis had collected $1,500.00 in rent while the property was in his possession."

We proceed to a discussion of these contentions.

Appellants are correct in asserting that they were entitled to offer additional testimony relative to the improvements and rent. Normally, in chancery cases, if the proof has been fully developed to the point where we can determine all issues on the record before us, we decide such issues rather than remand the case. As appellants assert in their brief, the only question really before us in *McGuire* v. *Wallis, supra,* was whether Wallis had acquired title to the lands by adverse possession. This is the only issue discussed in the opinion, and the only mention of improvements relates to their pertinence to the question of whether Wallis committed acts so hostile to his co-tenants as to charge them with knowledge of his adverse claim. There is no reference to rents at all in the opinion.

While, as stated, appellants were entitled to have additional proof considered by the court, no relief can be granted on point one, for the nature of the proof offered by appellants was improper to establish the value of improvements. The proper criterion is not the cost—nor present value—of the improvements, but rather, the amount by which such improvements have enhanced the

value of the land.[1] This is the rule under what is generally known as the Betterment Act, § 34-1423, Ark. Stats., 1947. See *Hutchinson* v. *Sheppard,* 226 Ark. 509, 290 S. W. 2d 843; *McDonald* v. *Rankin,* 92 Ark. 173, 122 S. W. 88. In the latter case we said:

"The value thereof is based upon the enhanced value which these improvements at the time of the recovery impart to the land. * * * The difference between the value of the land without the improvements and the value of the land with the improvements in their then condition would be a just sum to allow therefor."

The Betterment Act applies to tenants in common. *Greer* v. *Fontaine,* 71 Ark. 605, 77 S. W. 56; *Baxter* v. *Young,* 229 Ark. 1035, 320 S. W. 2d 640. Practically all of appellants' testimony deals with the costs of the improvements, though two witnesses testified to the present value of the barns. The cost of an improvement is only an element to consider in the overall picture. As stated in *Greer* v. *Fontaine, supra*:

"The measure of the value of betterments is not their actual cost, but the enhanced value they impart to the land, without reference to the fact that they were desired by the true owner, or could not be profitably used by him."

No proof of the enhanced value of the land appears in the record, and accordingly, no relief can be granted.

The court did not permit proof to be offered concerning the rental value of the property, and based its findings, referred to in appellants' points three and four, on the testimony offered at the first trial. We have already stated that appellants were entitled to introduce further evidence, and since they were not permitted to introduce testimony relative to rental value, the decree

---

[1] Of course, the court's findings were predicated upon an erroneous premise, since the figure arrived at for improvements was based entirely upon costs of the improvements. However, the complaint of appellants is not that the decree was erroneous because of that fact, but their complaint is rather that the court used the cost figures in the first trial rather than the cost figures in the second trial.

of December 6, 1960, must be reversed. Under this holding, it becomes unnecessary to discuss point three. We are likewise unable to determine the basis of the finding that Wallis had collected $1,500 in rent while the property was in his possession, but this may also be further developed on remand.

Accordingly, the decree is reversed, and the cause remanded to the Hot Spring Chancery Court with directions to permit the taking of proof by all parties relative to the rental value of the property in question while in possession of Clovis Wallis, and likewise, the amount of rent collected by Wallis from the property.

It is so ordered.

