JOHNSON *v.* JAMES.

5-3218                                              377 S. W. 2d 44

Opinion delivered March 30, 1964.

*Wayne Foster, Russell & Hurley,* for appellant.

*J. Roy Howard* and *James R. Howard,* for appellee.

FRANK HOLT, Associate Justice. This case involves a dispute among relatives as co-tenants. It was precipitated when eminent domain proceedings were instituted against the appellants and appellee as the sole heirs at law of Cato Johnson in order to acquire the title to Lots 4, 5, 6 and 7, Block 1, Military Heights Addition, North Little Rock, Arkansas. The appellee, Cato James, by cross complaint against his relatives, the appellants, sought to establish in himself the sole and absolute title to the lots. The appellants, Horace Johnson, Jr., Effie Johnson, Julius James and Dink James, his wife, responded by appropriate pleadings. The cross complaint also named other relatives, Charles Johnson and Essie, his wife, and Geneva James each of whom defaulted. The Chancellor found the issues in favor of appellee upon his cross complaint and decreed that the title to the lots in question be vested in him by adverse possession and, further, that as the sole and absolute owner he was entitled to the funds representing the value of the property acquired by the eminent domain proceedings. From such decree the appellants bring this appeal and for reversal contend that appellee's "claim was not unequivocally hostile" to the extent "notice of an adverse claim would be presumed" to exist for "more than seven years prior to the commencement of this action." In other words, appellants question the sufficiency of the evidence to vest the title in appellee by adverse possession.

When appellees' and appellants' common ancestor, Cato Johnson, died in 1925 the appellee was living with him on the property in question. He has continued to

live on this property from that time until it was acquired by the eminent domain proceedings in 1961. During this time appellee has had the sole and exclusive possession of the four-room dwelling situated in the middle of the four lots which were fenced. Appellee testified that he expended approximately $1,500.00 improving the property by adding a bedroom and installing plumbing facilities, mortgaging the property in order to do so. The appellee has paid all taxes on the property, rented part of the property and retained the rent, and paid for the insurance. It is undisputed that when Cato Johnson died in 1925 he left a will which is in evidence without objection. By the terms of this unprobated will the property in question was devised absolutely to the appellee. It reads, in pertinent part, as follows:

"*First:* I devise to my grandson, Cato James, my home place in Military Heights, North Little Rock, Arkansas, consisting of four twenty-five foot lots and buildings thereon, at No. 306 West 27th Street."

The will also provided that "I am not forgetting my grandchildren, Horace Johnson, Cato Johnson, Jr., * * * and Julius James."

Appellee testified that his grandfather, the testator, had shown him the will stating "now nobody can do you no harm." Appellee kept the will in his possession. He testified: "I told all the family about the will" and "the whole family knowed it," including the appellants. His aunt, Essie Johnson, corroborated appellee's testimony that the existence of the will was known. However, she considered that appellee's interest was limited to a life estate. Appellant Horace Johnson, Jr., contended he never knew a will existed. He admitted that he lived in the vicinity and knew of appellee's exclusive occupancy for the thirty-six years. Appellant Effie Johnson, widow of the grandson, Cato Johnson, Jr., did not testify although it appears she is a resident of the community. Appellant Julius James, who has for many years resided in Tennessee, testified that he knew about the will and understood that it provided for appellee to have a "life-

time will on the place." He knew of appellee's exclusive occupancy for the thirty-six years and was an annual visitor, often spending the night with his brother, the appellee. Appellee also testified that he understood that by the will his grandfather "gave it [the property] to me, just gave it to me."

It is well settled that possession by a tenant in common is presumed to be possession by all cotenants and where a family relationship exists, then stronger and more cogent evidence of adverse possession or hostile acts of ownership are required than where no such relationship exists. *Staggs v. Story*, 220 Ark. 823, 250 S. W. 2d 125; *McGuire v. Wallis*, 231 Ark. 506, 330 S. W. 2d 714. We have also held that knowledge of adverse possession must be made known to other cotenants directly or by notorious acts of such an unequivocal character that notice may be presumed and, further, that acts of possession, payment of taxes, enjoyment of rents and profits, and the making of improvements are consistent with a cotenancy and do not necessarily amount to disseizin. *McGuire v. Wallis, supra; Griffin v. Solomon*, 235 Ark. 909, 362 S. W. 2d 707; *Hardin v. Tucker*, 176 Ark. 225, 3 S. W. 2d 11. However, we have held that when the acts of ownership of a cotenant are of such a notorious nature as to amount to a declaration of hostility to other cotenants for more than seven years, that title by adverse possession is vested in the occupant. *Jones v. Morgan*, 196 Ark. 1153, 121 S. W. 2d 96; *Hildreth v. Hildreth*, 210 Ark. 342, 196 S. W. 2d 353; *Singer v. Naran*, 99 Ark. 446, 138 S. W. 958.

In the case at bar the appellee has lived on and had sole and exclusive possession of the property in question for thirty-six years exercising such acts of ownership as payment of taxes, enjoyment of rents and profits, payment of insurance made payable to him, together with possession of an unprobated will giving him the property. According to appellee the appellants had direct knowledge of the will. Until this property was acquired by eminent domain proceedings the appellants never asserted any claim to the property. When we consider

these factors in the aggregate we are convinced that title to the property in question was vested in the appellee by adverse possession for more than the required statutory period of seven years. Individuals ordinarily do not slumber so undisturbed upon their property rights for thirty-six years under these circumstances.

We find no merit in any of appellants' contentions.

Affirmed.

JOHNSON, J., dissents.