Patricia GRAHAM *v.* Charles W. INLOW, et al.

88-68                                                753 S.W.2d 277

Supreme Court of Arkansas
Opinion delivered July 11, 1988

*Slinkard & Halbrook, P.A.,* by: *Howard L. Slinkard,* for appellant.

*Cypert, Crouch, Clark & Harwell,* by: *Charles L. Harwell,* for appellees.

DARRELL HICKMAN, Justice. The legal question in this case is whether a deed from a husband to his wife and three children, as tenants in common, is void because the wife did not join in the deed. The trial court held it was, and dismissed a partition suit filed by one of the children. On appeal we find the judge was wrong; the deed should not have been declared void because the evidence clearly reflects that the wife accepted and approved of

the deed. Therefore, the order is reversed and the case remanded.

The facts are essentially undisputed. Robert Inlow was married twice. By his first wife, who is deceased, he had one child, Patricia Graham. Patricia is the appellant. By his second wife, Freda, he had two children, Charles and Carol Inlow. Freda, Charles, and Carol are the appellees.

In April, 1979, just a month before he died, Robert Inlow executed a warranty deed granting a 287 acre farm to his wife and three children who were all adults at the time. Freda had the deed prepared and recorded, although she did not join in it. Several months later, in December, Freda prepared an affidavit stating that the deed was to Freda and the three children, but that Robert had expressed his desire, in the presence of several witnesses, that Freda have the home and the south 70 acres of the property. Apparently, the appellant did not know of the deed until early 1980, when Freda asked her to sign the affidavit, which was also signed by the other two children.

In July, 1986, Patricia Graham filed a partition suit to have the land partitioned. The trial court examined the applicable statutes and case law and concluded that the deed interfered with the wife's homestead interest and that the partition suit would defeat that interest. The trial judge found the deed void and dismissed the partition suit.

The statute in question is Ark. Code Ann. § 18-12-403 (1987). It provides basically that no conveyance affecting the homestead of a married person shall be valid unless his or her spouse joins in the execution of it. But we have consistently interpreted the statute to read that a deed to a wife and children is valid, although the wife does not join in the deed, if the conveyance is approved of and accepted by the wife. *Polk v. Stephens*, 126 Ark. 159, 189 S.W. 837 (1916). (In *Stephens* v. *Stephens*, 108 Ark. 53, 156 S.W. 837 (1913), a prior appeal of the same case, we stated that a conveyance to the wife and children would not be valid unless the wife joined in the deed, but went on to state that the issue was not squarely before us. In *Polk* the issue was squarely before the court.) See also *Kindly* v. *Spraker*, 73 Ark. 228, 79 S.W. 766 (1904), and *Lathrop* v. *Sandlin*, 223 Ark. 774, 268 S.W.2d 606 (1954), where we held that the wife need not join in a conveyance from her husband to herself. In *Lathrop* we

stated:

> We have consistently held that this restriction [requiring wife to join in deed] does not apply to a conveyance by a husband to his wife where the conveyance is accepted by her . . . .

In this case we find no evidence that Freda did not accept the conveyance; on the contrary, there is every indication that she did. She had the deed drafted and notarized and placed it on record herself. The affidavit she had prepared recognized the deed in question which conveyed the land to her and the three children.

We can find no basis to uphold the chancellor's finding that the deed was invalid and must reverse the order and remand the matter for proceedings consistent with this opinion.

Reversed and remanded.