Elmer L. FLUCHT *v.* Judy VILLAREAL (Flucht)

CA 88-328                                              770 S.W.2d 187

Court of Appeals of Arkansas
Division I
Opinion delivered May 17, 1989

*Wm. B. Brady*, for appellant.

No brief filed.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Pulaski County Chancery Court, Second Division. Appellant, Elmer L. Flucht, appeals from the chancellor's order of April 7, 1988, requiring him to reimburse appellee, Judy Villareal (Flucht), $11,110.00 for improvements made by her while in possession of their marital home. We reverse and remand.

The parties were divorced in 1983 and appellee was awarded temporary use and possession of the parties' home located at 4524 Club Road, Little Rock, Arkansas. The decree required the home to be sold or allowed Mrs. Flucht the option to purchase Mr. Flucht's equity in the parties' marital home on or before September 15, 1983. The parties subsequently agreed that appellee could remain in the home beyond the September 1983 deadline without offering the property for sale or without an equity buy out. On October 28, 1987, appellant petitioned the court to sell the home as provided in the original decree after a redetermination of the equities. A hearing was heard on the motion on March 8, 1988.

The chancellor ordered the property sold and further held:

> 5) Defendant [appellee] is found to have made improvements after March 15, 1983, to the marital residence in the amount of $11,110.00, for which plaintiff [appellant] shall reimburse her from the proceeds of any sale (private or public). Costs of the sale shall likewise be deducted from the proceeds of such sale, and the balance then remaining divided equally between the parties.

It is from the chancellor's treatment of this division of improvements that appellant brings this appeal. For reversal, appellant argues that the chancellor's order misapplies Arkansas Code Annotated Section 9-12-315 (Supp. 1987) regarding division of property upon divorce.

The issue for resolution is whether the court erred in ordering appellant to reimburse appellee $11,110.00 from his half of the proceeds from the sale of the marital home for improvements made by her after March 15, 1983. Appellant contends that the amount of the improvements is reflected in the present value of the residence and the net proceeds should be divided equally without his being required to bear the entire cost of the improvements. Based on our *de novo* review of the record, *Callaway v. Callaway*, 8 Ark. App. 129, 648 S.W.2d 520 (1983), the testimony at the hearing reveals that appellee began making improvements to the marital home in December of 1985 after an oral agreement she allegedly entered into with appellant whereby she could remain in the marital home beyond the September 1983 date set out in the divorce decree. Appellee testified at length regarding approximately $26,000.00 worth of various improvements, renovations, additions and deletions made to the home, as well as professional decorating performed by a local interior decorator on the interior of the residence. Appellee presented verbal testimony and cancelled checks at the hearing for the expenditures and the chancellor required that she explain them item by item. After hearing all testimony, the chancellor stated in pertinent part:

> Based upon the age of the improvements and the nature of the improvements that were made, giving consideration to the fact that the wife has been a resident of the home and has apparently one hundred percent of the supervision and

control of what redecorating and improvements were made, I'm going to allow her eleven thousand one hundred ten dollars (11,110.00) for her expenditures toward the home.

Upon these facts, we think the chancellor erred in basing his finding on the amount appellee spent in making the improvements rather than utilizing the proper method to establish value.

■ In the case at bar, the property in question was held by the parties as tenants in common because the final decree entered by the chancellor did not specifically provide otherwise. Ark. Code Ann. § 9-12-317 (1987). Courts, including Arkansas, generally award a co-owner, who makes improvements to the property, the resulting increase in the value of the estate, and not the actual costs of the improvements. *See, e.g., Dodds* v. *Dodds*, 246 Ark. 313, 438 S.W.2d 54 (1969). The factors considered by courts in awarding the value of improvements are discussed in 59A Am. Jur. 2d *Partition* § 232 (1987) as follows:

A right to an equitable allowance does not arise merely because an improvement was made. In determining whether an improving cotenant should be recompensed for his improvements, as reflected in the increased value of the common premises, all the circumstances attending their erection, their nature, and their relation to the estate improved and to the other cotenants are to be considered. Thus, in granting an allowance, the courts consider such matters as whether the improvements are permanent and useful to the common estate. Improvements need not be permanent, so long as they substantially enhance the value of the property. However, expenditures which do not increase the value of the property are not treated as improvements, although an allowance for taxes and maintenance expenses may be made in an accounting.

The improvements must not be foolish or improvident. Only the enhanced value of the land due to the improvement is allowed, because allowing its cost might result in the other owners being improved out of their property by an extravagant or unbusinesslike cotenant. Thus, when determining to grant an equitable allowance, a court will note that the interests of the other cotenants have not been

diminished. (Citations omitted.)

Originally, no exception was made for allowance of improvements by a person who erroneously believed himself to be the true owner. Because of the harshness of this rule, courts of equity adopted a doctrine requiring the value of improvements in such cases to be offset against the rents and profits when the owner seeks an accounting. Recognition of the rights of a good faith occupant of land resulted in the enactment of a statute commonly known as the "Betterment Act."

Because the Betterment Act was enacted to grant good faith occupants rights equivalent to those granted co-owners by common law, the underlying principles and theories are analogous. Thus, as we stated in *Neal* v. *Jackson*, 2 Ark. App. 14, 616 S.W.2d 746 (1981):

> The measure of the value of betterments is not their actual cost, but the enhanced value they impart to the land, without reference to the fact that they were desired by the true owner, or could not be profitably used by him.

Upon the record in the present case, it appears that of the $26,000.00 spent by appellee on the home, the chancellor disallowed reimbursement for decorating expenses and for those expenses incurred by her to make the home more convenient and allowed reimbursement for actual money expended (cost) on capital improvements. Because of the chancellor's error in allowing actual cost of the improvements rather than the amount by which the improvements enhanced the value of the land, that portion of his April 7, 1988, order is reversed and the cause remanded with directions to permit the taking of proof regarding the enhanced value. To enable the court to properly determine the amount to be awarded appellee, proof must be presented to establish current value of the property as enhanced by the improvements as well as the current value of the property had no improvements been made. Once the enhanced value relative to improvements is established, the court should award appellee the full value of the improvements, not merely the portion of such value which corresponds to her ownership. *See Crouch* v. *Crouch*, 251 Ark. 1047, 476 S.W.2d 248 (1969). The balance of the proceeds should be equally divided between the parties.

Reversed and remanded.

CRACRAFT, J., agrees.

COOPER, J., concurs in result but disagrees that the Betterment Act has any application.