Patricia GRAHAM *v.* Charles W. INLOW, Carol J. Inlow,
and Freda Inlow

90-45                                        790 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered June 4, 1990
[Rehearing denied July 2, 1990.]

*Howard L. Slinkard, P.A.*, for appellant.

*Cypert, Crouch, Clark & Harwell*, by: *Charles L. Harwell*, for appellee.

TOM GLAZE, Justice. This second appeal stems from our earlier reversal and remand of this partition suit case wherein we held valid a deed from Robert Inlow to his second wife, Freda, and

his three children. *See Graham* v. *Inlow*, 296 Ark. 165, 753 S.W.2d 277 (1988). Robert had two children, Charles and Carol, by his wife Freda, and he had another child, Patricia Graham, by his first wife. In remanding this case, the trial court was placed in the position of reconsidering Graham's request for partitioning the parties' one-fourth respective interest in the 287 acre farm. The chancellor found the property could not be partitioned in kind and ordered the sale of the farm. The chancellor further held that Graham was entitled to certain rental income and timber sale proceeds after her commencement of the suit as well as attorney fees and costs in connection with prosecuting this partition action. He also awarded Freda the sum of $70,000 for improvements she made on the disputed property. Graham appeals and the Inlows cross appeal from the awards made by the chancellor.

In the first point, the appellant argues that the chancellor erred in awarding reimbursement for improvements made on the property for two reasons: (1) Freda did not show that the improvements were made in good faith and that she was the sole owner of the property as required by the Betterment Statute, Ark. Code Ann. § 18-60-213 (1987); (2) Freda failed to present any testimony to show the improvement's enhanced value to the land. Because we agree with appellant's second argument on this point, we reverse and remand.

The Betterment Statute, Ark. Code Ann. § 18-60-213(a), provides as follows:

> If any person believing himself to be the owner, either in law or equity, under color of title has peaceably improved, or shall peaceably improve, any land which upon judicial investigation shall be decided to belong to another, the value of the improvement made as stated and the amount of all taxes which have been paid on the land by the person, and those under whom he claims, shall be paid by the successful party to the occupant, or the person under whom, or from whom, he entered and holds, before the court rendering judgment in the proceedings shall cause possession to be delivered to the successful party.

In awarding Freda $70,000 for reimbursement for improvements made by her, the chancellor held that the Betterment Statute

does not apply to cotenants but that the underlying principles and theories are analogous to the relief under the common law.

We have held that the Betterment Statute applies to tenants in common. *Wallis* v. *McGuire*, 234 Ark. 491, 352 S.W.2d 940 (1962). However, the chancellor was correct in that the statute does not apply to tenants in common in this type of action. Section 18-60-213 is found in the Code under the subchapter for ejectment and trespass, and applies to cotenants who are involved in such actions. In the present case, however, we are involved with a partition suit governed in the Code by the subchapter for partition and sale of land, specifically Ark. Code Ann. § 18-60-401 (1987).

It is well settled that a tenant in common has the right to make improvements on the land without the consent of his cotenants; and, although he has no lien on the land for the value of his improvements, he will be indemnified for them, in a proceeding in equity to partition the land between himself and cotenants, either by having the part upon which the improvements are located allotted to him or by having compensation for them, if thrown into the common mass. *Bowers* v. *Rightsell*, 173 Ark. 788, 294 S.W. 21 (1927); *see also Welch* v. *Burton*, 221 Ark. 173, 252 S.W.2d 411 (1952); *Kelley* v. *Acker*, 216 Ark. 867, 228 S.W.2d 49 (1950). The improvements must be made in good faith and have benefit to the premises. Thompson, *Real Property*, § 5295 (1957). *See generally* 59A Am. Jur. 2d *Partition* § 232 (1987); *see also Flucht* v. *Villareal*, 28 Ark. App. 1, 770 S.W.2d 187 (1989).

Here, the record reflects that the appellee Freda made improvements which benefited the land beginning in 1979. The majority of those improvements were in the form of repairs and renovations to already existing buildings such as barns. There is no showing that these benefits were not made in good faith. However, because tenants in common might be improved out of their property, the cotenant can only receive the enhancement value of the improvement to the property. This limitation is analogous to the requirement found in the Betterment Statute. The proper measurement is the difference between the value of the land without the improvements and the value of the land with the improvements in their then condition. *Wallis*, 234 Ark. 491,

352 S.W.2d 940.

Appellee Freda attempted to prove this value through the testimony of a real estate appraiser, Mr. Hinshaw. Hinshaw testified about improvements made to each separate itemized item and the enhanced value of those improvements on each item. He then explained that this value was not the cost value but the contributory value. Hinshaw explained that the contributory value was determined by comparing a similar piece of property without a building, like the building improved on the land in question, to the value of the land in question with the building. In addition, Hinshaw gave testimony about the difference in value of raw land and the value of the land in question with buildings on it.

Hinshaw's testimony showed the court the following things: (1) the difference in value between raw land and land with buildings; (2) the contributory value of a barn, for instance, to the land, which is figured by knowing the selling price of a similar piece of land without a barn, and (3) the difference in value or enhancement of the building before and after the improvement. However, as shown by the following exchange on cross-examination, Hinshaw did not testify as to the difference in value of property without improvements and the value of property after improvements.

> Q   So you're not prepared to tell me and this Court how much these improvements that you made reference to here . . . actually enhanced the value of the entire property? What you're saying is what they enhanced each individual building or item; is that correct?
>
> A   Well, yes, but they in total affected the property also. I'm saying you were trying to get me to compare it with the value of the property before anything was done to 'em and I can't do that without some special work. I can do it. . . . But I don't have the figures here to do it.

Even though Hinshaw later stated that he thought that the values he testified to showed both the enhancement of the individual items that were improved and the value of those improvements to the property as a whole, we do not agree. From our review of Hinshaw's testimony, we cannot find any testimony to support this measure of recovery. Thus, in awarding Freda

$70,000 for the improvements as a result of Hinshaw's testimony, we hold that the chancellor erred in determining the property amount to be allowed for the improvements, and we remand the case with directions to proceed in a manner not inconsistent with this opinion. *See Smith* v. *Nelson*, 240 Ark. 954, 403 S.W.2d 99 (1966).

In the second issue, the appellant argues that the chancellor erred in holding that she could only recover rents after the commencement of her partition suit. On this same issue, the appellees in their cross appeal argue that the chancellor erred in awarding any rents to the appellant. We find no error in the chancellor's holding on this point.

One of the characteristics of tenancy in common is that each tenant has the right to occupy the premises, and neither tenant can lawfully exclude the other. *Franklin* v. *Hempstead County Hunting Club*, 216 Ark. 927, 228 S.W.2d 65 (1950); *see generally* Powell, *Real Property*, ¶ 603(1) (1982). The occupation of one tenant in common is deemed possession by all. For the possession of one tenant in common to be adverse to that of his cotenants, knowledge of his adverse claim must be brought home to them directly or by such acts that notice may be presumed. *Franklin*, 216 Ark. 927, 228 S.W.2d 65. We have stated that the dispossession of a cotenant is a question of fact, and we will not reverse the chancellor's determination absent a showing it was clearly erroneous. *Beshear* v. *Ahrens*, 289 Ark. 57, 709 S.W.2d 60 (1986).

Under the property laws of common tenancy, until the appellant asserted her right for common enjoyment of the farm, the other tenants in common were not obligated to stay out. A tenant in possession who does not exclude his cotenants is not liable for rent. *Lawrence* v. *Lawrence*, 231 Ark. 324, 329 S.W.2d 416 (1969).

From our review of the record, we cannot say that the chancellor's finding that the appellant did not assert her right for common enjoyment until the filing of her partition suit is clearly erroneous. In so ruling, we note that the appellant lived on part of the farm and there is ample evidence, albeit conflicting, to reflect she had reasonable access to all the property. While we would agree that there seems to be bad blood between the appellant and

her stepmother Freda, we cannot conclude that the appellees excluded the appellant prior to her commencement of the partition suit.[1]

Finally, in the appellees' second point in their cross appeal, they argue that the chancellor erred in awarding the appellant attorney's fees. In Ark. Code Ann. § 18-60-419(a) (1987), it is stated that when a judgment is rendered for partition, the court shall allow a reasonable attorney fee. This provision makes the awarding of attorney's fees in partition actions mandatory. See Johnson v. Smith, 248 Ark. 929, 454 S.W.2d 649 (1970). The adversary nature of a partition suit is not a bar to the allowance of attorney's fees. Id. In assessing a reasonable fee to be awarded, the court is instructed to consider only those services performed by the attorney requesting the fee which are of common benefit to all parties. Ark. Code Ann. § 18-60-419(b). Here, the appellant brought a successful partition suit which resulted in the selling of the farm and the dividing of the proceeds along with an accounting for the proper rents and profits offset by the reimbursement allowed for improvements between the four cotenants. Thus, the chancellor properly awarded an attorney's fee to the appellant's attorney for services performed for the benefit of all cotenants.

For the reasons above, we affirm in part and reverse and remand in part. We affirm on cross appeal.

---

[1] In so holding, we note that the appellees in their cross appeal discuss the appellee, Freda's homestead interest. Because this point was considered in the first appeal, we do not consider it here.