Mary Earline CLIFTON *v.* Willie D. CLIFTON

CA 90-411                              810 S.W.2d 51

Court of Appeals of Arkansas
Division II
Opinion delivered May 29, 1991

*Elbert S. Johnson*, for appellant.

*Reid, Burge, Prevallet & Coleman*, by: *Donald E. Prevallet*, for appellee.

JUDITH ROGERS, Judge. This is a post-divorce action involving the disposition of the marital residence. In ordering the property sold, the chancellor allowed the appellant the actual costs incurred as a result of certain repairs she made to the residence, but also held the appellant liable to the appellee for rent for a specified "holdover" period. Based upon our *de novo* review of the record presented, we reverse.

The evidence discloses that the parties were divorced pursuant to a decree entered on August 12, 1983. The decree provided, in part, that title to the residence, which had previously been held as a tenancy by the entireties, would thereafter be held as a tenancy in common. The decree also indicated that the appellant would be responsible for making the monthly mortgage payment, and that she would continue to remain in the home until one of three contingencies was met. In the event of one or more of these contingencies, the house was to be sold and the net proceeds divided equally between the parties. One such contingency was accomplished on June 3, 1989, when the parties' youngest child turned eighteen. On this date, the appellant retained possession and continued to occupy the residence.

On April 5, 1990, the appellee filed a cause of action seeking the sale of the marital residence, rental income from June 3, 1989, and attorney's fees. The appellant candidly admitted that the property was subject to sale; however, she argued, based upon the decision in *Flucht v. Villareal*, 28 Ark. App. 1, 720 S.W.2d 187 (1989), that she should be compensated for the value of improvements made to the residence and that the appellee was not entitled to rent as she was currently making the mortgage payment which inured to the benefit of both of them.

A hearing was held on April 17, 1990, in which the chancellor concluded that the appellant had failed to prove, with reasonable certainty, any enhanced value with regard to the improvements. It was the chancellor's determination that the work that was done on the residence was in the form of repairs rather than improvements. The chancellor further found the

appellee was not entitled to rent from June 3, 1989, to May, 1990, in that the appellant had been making the monthly mortgage payment which had reduced the loan thus benefiting both parties. On April 30, 1990, the appellant filed a motion for a new trial. In ruling on the motion, the chancellor attempted to balance the equities. He stated from the bench as follows:

> . . .[I] am going to — to balance some equities on and I am going to treat this — make an accounting here, and give Mrs. Clifton credit for the $2,307.69 that she has made for the maintenance and upkeep of this home . . . On the other hand, I'm going to grant Mr. Prevalett's client relief — from June 3, 1989, in awarding his client one half of the rent for twelve months from June 3, through May, of this year . . . I'm going to grant Mrs. Clifton off the top of the sale $2,307.69 . . . For her actual cost in maintaining and the upkeep of this residence. I'm also granting Mr. Clifton one half of what the Court finds to be a reasonable amount of rent on this house of $250.00 a month and half of $250.00 obviously is $125.00 and multiply that by twelve (12) and come up with $1,500.00. So I'm going to allow Mrs. Clifton $807.69 — that will be her net take off that she will get off the top of the sale of this house, and again, I'm trying to do equity.

Although the appellant presents five issues which she contends mandate reversal, we have consolidated those issues into two contentions regarding the sufficiency of the evidence to support the chancellor's findings. The appellant's arguments address the rights of cotenants with regard to the reimbursement for repairs and the entitlement to rental income. Specifically, the appellant contends that the chancellor's decision denying her claim for the value of improvements she made to the marital residence is clearly erroneous and further that the chancellor clearly erred in ordering her to pay $125.00 in rent to the appellee from June 3, 1989 to May 1990. Because we find error in the decision below, we reverse.

■ One of the characteristics of a tenancy in common is that each tenant has the right to occupy the premises, and neither tenant can lawfully exclude the other. *Graham v. Inlow*, 302 Ark. 414, 790 S.W.2d 428 (1990). The occupation of one tenant in

common is deemed possession by all. *Cooper* v. *Cooper*, 251 Ark. 1007, 476 S.W.2d 223 (1972). Possession by a tenant is presumed to be possession by all cotenants, *Morgan* v. *Morgan*, 15 Ark. App. 35, 688 S.W.2d 953 (1985).

The appellant first argues that the chancellor clearly erred in holding her liable to the appellee for rent from June 3, 1989 to May, 1990. We agree. When the parties were divorced in 1983, title was changed from a tenancy by the entireties to a tenancy in common. This was accomplished by operation of law and was specifically provided for in the decree. *See* Ark. Code Ann. § 9-12-317 (1987). We do not consider the meeting of the contingency in 1989, the youngest child reaching the age of eighteen, as an act of dispossession or ouster. Furthermore, neither the record nor the decree contains any indication that the appellant was in exclusive possession of the premises. It has been held that acts of possession, payment of taxes, enjoyment of rents and profits, and making of improvements by one tenant in common are consistent with cotenancy and do not necessarily amount to disseizen. *Johnson* v. *James*, 237 Ark. 900, 377 S.W.2d 44 (1964). Dispossession of a cotenant is a question of fact and a tenant in possession who does not exclude his cotenants is not liable for rent. *Beshear* v. *Ahrens*, 289 Ark. 57, 709 S.W.2d 60 (1986); *Hamby* v. *Wall*, 48 Ark. 135, 25 S.W. 705 (1886). Based upon the above cited law, the chancellor's finding holding the appellant liable for rent is clearly erroneous.

In reviewing the remaining argument on appeal, we find the chancellor erred in awarding the appellant $2,307.69 for the actual costs she incurred in having repairs made to the residence. We do not find the chancellor's decision that the expenses incurred were for repairs as opposed to improvements to be clearly erroneous. The chancellor simply considered the money the appellant spent as attributable to the upkeep of the residence.

As a part of this issue, the appellant argues that the court wrongfully excluded the testimony of C.L. McWaters, a real estate appraiser, with regard to the enhanced value of improvements. We disagree with the appellant's characterization of the trial court's ruling in that the record indicates the trial court did in fact allow the witness to testify on this particular issue. At the conclusion of the hearing, the court determined that the testi-

mony did not sustain the appellant's contention as to the enhanced value of improvements, but the court did find the appellant was entitled to her actual costs expended for the repairs.

In examining the case law concerning improvements to the property, this court has specifically rejected the granting of actual costs to the party that made the improvements. *Graham v. Inlow*, 302 Ark. 414, 790 S.W.2d 428 (1990); *Flucht, supra.* The court further stated in *Flucht* that the proper test for valuing improvements is the increase in the value of the estate, not the actual costs.

■ Although we review chancery cases *de novo* on the record, the test on review of this case is not whether we are convinced that there is clear and convincing evidence to support the trial judge's findings, but whether we can say that the trial judge's findings were clearly erroneous. *Freeman v. Freeman*, 20 Ark. App. 12, 722 S.W.2d 877 (1987). While we will not overturn factual determinations unless they are clearly erroneous, we are free in a *de novo* review to reach a different result required by the law. *Standridge v. Standridge*, 304 Ark. 364, 803 S.W.2d 496, (1991).

■ Here, the chancellor did not find the repairs added any significant value to the property or that they were permanent in character such that the property would have an enhanced permanent value. *See Lawrence v. Lawrence*, 231 Ark. 324, 329 S.W.2d 416 (1959). Therefore, we reverse the award of $2,307.69 for the actual costs of the repairs and note that when the property is sold, the net proceeds are to be divided evenly between the parties. We note that if the parties had contemplated the recovery of these costs they could have made some provision for this in the decree.

Based upon our *de novo* review of the record, we reverse the chancellor's decision below, and accordingly hold the appellant not liable for rent and not entitled to the $2,307.69 previously awarded for her actual costs of repairs made to the marital residence.

Reversed.

COOPER and DANIELSON, JJ., agree.