HUNT *v.* ELLIS.

4-9531

242 S. W. 2d 146

Opinion delivered July 9, 1951.

Rehearing denied October 8, 1951.

*J. L. Shaver,* for appellant.

*John N. Killough* and *Walter N. Killough,* for appellee.

GEORGE ROSE SMITH, J. This is an action brought by the appellees, the widow and children of M. E. Ellis, to

redeem certain lands from tax forfeitures. Ellis was the owner of the lands when he died intestate in 1931. Part of the property was sold to the State in 1932 for non-payment of taxes, and the rest was similarly sold in 1933. The appellant, defendant below, bought the land from the State in 1937 and obtained possession in 1938 as a result of bringing a suit in ejectment. The present suit for redemption was filed in 1947, before the youngest of the Ellis heirs had reached his majority. The appellant concedes the right of a minor to redeem tax forfeited lands within two years after the expiration of his disability, Ark. Stats. 1947, § 84-1201, but in this case it is contended that the minor's right of redemption was extinguished by either of two earlier suits. The chancellor permitted redemption but gave the appellant a money judgment for the amount by which his tax payments, improvements, and other expenditures exceeded the rental value of the property. Both sides have appealed.

The appellant first contends that the minor's right to redeem was barred by a foreclosure suit in 1933. M. E. Ellis had mortgaged the lands in 1931 to a bank in Wynne. After Ellis' death the bank filed a foreclosure suit against the widow and children. The suit proceeded to a sale, at which the bank bid in the property for the amount of the debt. The sale was confirmed, but the commissioner's deed was never delivered to the bank. An officer of the bank testified below that the mortgage debt was later paid—by whom the record does not show —and that the bank claimed no interest in the property. The circuit clerk testified that he still has the commissioner's deed, as the bank refused to pay the costs in the foreclosure suit and disclaimed any interest in the matter.

In these circumstances the suit did not destroy the minor's right of redemption from the tax sales. The appellant stresses the fact that the foreclosure sale was confirmed, and we recognize the rule that a decree divesting title is ordinarily more important than the deed executed in obedience to the decree, the latter being mere evidence of the transaction. *Person* v. *Johnson*, 218 Ark. 117, 235 S. W. 2d 876. But the rule is for the benefit of

the winning litigant and presupposes a desire on his part to obtain the benefit of his victory. That was not the bank's attitude in the foreclosure suit relied on by appellant. The debt was eventually paid, and the bank abandoned its suit by declining to pay the costs as a condition to obtaining the commissioner's deed. The bank asserts no claim to the land. It follows that the title remained in the Ellis heirs, for it is not the purpose of the rule to force the title upon an unwilling recipient. Since the heirs' title was not divested by the 1933 suit, the right of redemption continued.

The other suit relied on by the appellant is his own action in ejectment, which he won in 1938. The Ellis heirs were parties to the suit, but the minor's right of redemption was not put in issue. The case is similar to and controlled by our holding in *Pulaski County* v. *Hill*, 97 Ark. 450, 134 S. W. 973, where, on virtually identical facts, we said: "The holder of the tax deed, if the tax sale was valid, was entitled to the possession of the land as against the owner, even though he was laboring under disability at the time of the tax sale. Until the owner made redemption in the manner prescribed by the law, the holder of the tax title had the right of possession of the land. But the owner laboring under the disability had the right to make such redemption at any time during the period named in the statute, and he did not have to assert that right at the time of such ejectment suit, nor did he lose the right to assert it after such suit and before the expiration of such period." This holding is entirely logical, for otherwise the tax title purchaser could extinguish the right of redemption in a manner not contemplated by the redemption law and at a time when an infant of tender years might be unable to tender even a small sum to redeem. We conclude that the ejectment suit did not affect the minor's rights.

The remaining controversies concern the $647.92 judgment that the appellant obtained below. The appellees contend that the amount is too large, while the appellant thinks it inadequate. Both sides agree that the appellant was properly credited with the amount of his tax payments. The appellant's principal contention is

that his improvements are worth much more than the $500 figure fixed by the chancellor. But the estimates of value were so sharply disparate that the chancellor may well have concluded that neither side's testimony was reliable. For example, the appellees' witnesses fixed the worth of a small barn at $25, while the appellant's proof put the figure at $250—ten times as much. Photographs show all the improvements to be roughly constructed unpainted structures that may not have greatly enhanced the value of the land. With the testimony in such conflict we cannot say with any degree of certainty that our judgment in the matter would be better than, or even as good as, that of the trial court, who heard the testimony as it was given.

Appellant also insists that he was allowed too little for having cleared some of the acreage, but this claim is pretty well offset by the appellees' contention that they were not allowed enough for timber cut by the appellant. It is evident that the more land the appellant cleared the more timber he must be charged with having cut; so the two contentions tend to counterbalance each other. On the issue of rental value we are likewise unwilling to say that the weight of the evidence supports the appellees' argument that the allowance is too small. After a study of the entire record we are unable to revise the trial court's figures either upward or downward with any firm feeling of assurance.

Affirmed on direct and cross appeal.