WILLIAMS *v.* JONES.

5-3678                                          396 S. W. 2d 286

Opinion delivered November 29, 1965.

*J. G. Moore* and *Felver A. Rowell, Jr.,* for appellant.

*Gordon & Gordon* and *George J. Cambiano,* for appellee.

PAUL WARD, Associate Justice. Jeff Williams (appelant) filed a complaint against Susie Jones (appellee) alleging he bought forty acres of land on June 3, 1959 from the State Land Commissioner; that the lands were sold to the State for the taxes of 1945; that he had been in adverse possession for twelve years; that he had placed valuable improvements thereon, and; that appellee claimed some interest in said land. The prayer was to have his title confirmed.

To the above complaint appellee (through her guardian, Frank Jones) denied all allegations therein, and alleged that appellant had rented the land from her; that appellant had acted in bad faith when he made said improvements because he knew she was insane, and; that she had been insane and confined in the State Hospital for Nervous Diseases since December 15, 1945. Her prayer was that she be allowed to redeem the land in her name.

At a hearing held on November 3, 1963 the court found appellee was a co-tenant as an heir of Louisa Payton Stevenson; that at the time of the tax sale in question appellee was incompetent; that the tax deed to appellant be cancelled, and; that appellee's guardian should redeem said lands from the State. The hearing was then continued for an accounting between the parties.

On January 9, 1965 the court entered an order, with all parties present or represented, giving appellant a lien on the land to secure payment of $225 spent for taxes; $9500 spent for improvements, and; $405 paid for the State deed. The court held appellee "is entitled to a rental of $85 per month from the date of the petition to redeem . . . ."

On appeal appellant urges four points for a reversal but we find no merit in any of them for the reasons hereafter mentioned.

1. There is no testimony from which the trial court could have found that appellant or any of his predecessors in title had held adverse possession of the land for seven years before appellee became insane. This point was never raised in the pleadings, and also it was shown that appellant paid rent to appellee.

2. It is not disputed that appellee has a living sister who has never been adjudged incompetent and who was not made a party defendant. It is contended by appellant that appellee could not (in any event) redeem more than her undivided interest. This contention was never raised by the pleadings, nor could it have been successfully maintained under *Mitchell* v. *Chester,* 208 Ark. 781, 187 S. W. 2d 899 and *Hunt* v. *Ellis,* 219 Ark. 353, 242 S. W. 2d 146. While the decisions in these cases dealt with the right of minors to redeem, they were based on Ark. Stat. Ann. § 84-1201 which applies alike to minors and insane persons.

3. We find no merit in the contention the court erred in charging appellant $85 per month rent on the dwelling. There was testimony that a reasonable rent was as high as $95 per month. In allowing rent the court relied on the fact that appellant continued to work on the house and lived in it after this suit was filed and after he had been admonished by the court not to do so, and also on the fact that appellant was given credit for such additional improvement.

4. Finally, we find no testimony which would have justified the trial court in giving appellant a larger amount for improvements. In fixing the amount the court apparently followed the proper rule announced in *Wallis* v. *McGuire*, 234 Ark. 491, 352 S. W. 2d 940, where we approved the following statement:

" 'The measure of the value of betterments is not their actual cost, but the enhanced value they impart to the land, without reference to the fact that they were desired by the true owner, or could not be profitably used by him.' "

It would serve no useful purpose to set out detail all the testimony regarding the many improvements and the cost or value thereof. We have carefully read the same and feel it does not justify a greater allowance than that made by the trial court.

In view of what we have said above it follows that the decree appealed from should be, and it is hereby, affirmed.

Affirmed.