Ronnie HEIFNER and Virgie HEIFNER,
Husband and Wife *v.*
Clara Virginia HENDRICKS

CA 84-85                                    682 S.W.2d 459

Court of Appeals of Arkansas
Division I
Opinion delivered January 16, 1985

*Douglas & Douglas,* by: *Troy R. Douglas,* for appellant.

*Orvin W. Foster,* for appellee.

LAWSON CLONINGER, Judge. The appellants, Ronnie and Virgie Heifner, brought this action in chancery court against appellee, Clara Hendricks, for rescission of a real estate contract. The court granted the rescission but ordered that appellee, the seller, should be given credit on the sales price for the fair rental value of the property for the period of

use and occupancy by the appellants. On appeal the appellants contend that the chancellor erred in not awarding the appellants interest on the purchase money for the time during which the purchase money was in appellee's possession. Appellants also contend that the court should have awarded them special damages. We agree with the appellants on their first contention, and we reverse and remand.

The evidence established that in March of 1981, the appellants purchased for cash a mobile home and a tract of land from the appellee for the sum of $17,000. Several witnesses testified that the parties understood and agreed that the appellants would share a well and septic tank on an adjoining tract of land which the appellee owned. During the months following the sale, the appellants had various problems with the well and the septic tank. It became evident that neither was adequate to serve both the appellants' mobile home and the house on appellee's adjoining tract of land. The appellee testified that the sharing arrangement was understood by the parties to be temporary and that the appellants should have acquired their own well and septic tank. The appellants contended that the arrangement was to be permanent. The chancellor ordered rescission based on his finding that the arrangement was to be permanent but that the system was not adequate to serve both pieces of property. The chancellor entered his order subject to the appellants' payment to the appellee of the rental value of the property for the time they were in possession.

We think the chancellor should also have awarded the appellants interest on the purchase money which was in appellee's possession during the same period. The Arkansas Supreme Court has recognized that in an action for rescission the court applies equitable principles and attempts to restore the status quo or place the parties in their respective positions at the time of the sale. See *Bates* v. *Simmons*, 259 Ark. 657, 536 S.W.2d 292 (1976). In *Bates*, the chancellor granted rescission of a real estate contract, and considering the payments made under the contract as rent, did not award either party any judgment. The Supreme Court, applying

equitable principles, held that the seller should have been awarded rental payments and that the purchasers were entitled to recover the purchase money paid, with interest, from the date of each payment. The court there stated:

> Since appellants were seeking a rescission, the parties were entitled to be placed, as nearly as circumstances would permit, in their respective positions at the time of the sale.
>
> . . . .
>
> Applying equitable principles, appellants are entitled to recover the purchase money paid, with interest from the date of each payment.

In *Bates,* the court did not explain its reasoning in its award of interest, but that reasoning has been set forth in cases involving specific performance. In *Loveless* v. *Diehl,* 236 Ark. 129, 364 S.W.2d 317 (1963), the court ordered specific performance of a real estate contract. The court found that the purchasers were entitled to the rental value of the land while the sellers remained in possession and the sellers were entitled to interest at the legal rate upon the unpaid purchase price during the same period. The court explained:

> The court was right in charging the sellers with the rental value of the land while they were in possession, but he should have gone farther and charged the purchasers with interest at the legal rate upon the unpaid purchase price during the same period. The two charges are equitably offsetting and should go together. The sellers are charged with the rental value because they have had the use of the buyers' land, and the buyers are charged with interest because they have had the use of the sellers' money. Both charges are ordinarily made in situations where the creditor, such as a mortgagee, for example, has been in possession of the debtor's property. [Citations omitted]. To make either charge without the other is evidently unwarranted, for it gives the favored party the

use of both the land and the money. On this point the decree must be modified to require the purchasers to pay interest upon the purchase price and to require the sellers to pay interest upon each monthly installment of rent from its accrual.

We agree with the reasoning in *Loveless* and remand to the chancellor to modify his decree accordingly. If appellants are required to pay the rental value of the property from the time they took possession, we believe that equity requires that appellee should be required to pay interest upon the purchase money. To do full equity, the appellants should also be charged interest on the rental payments from the date each accrued.

Appellants also argue that they are entitled to special damages. These include $520.15 for the purchase and installation of a water pump and $331.50 for Arkansas sales tax and license tags for the mobile home. Appellants characterize these as improvements and argue that the court must make compensation for these improvements in order to do full equity.

We think that the evidence is insufficient to award special damages as requested by the appellants. The measure of damages for improvements placed on property is the amount such improvements have increased the property's value. See *Burns* v. *Meadors,* 225 Ark. 1009, 287 S.W.2d 893 (1956); *Williams* v. *Jones,* 239 Ark. 1032, 396 S.W.2d 286 (1965). Practically no evidence of increase of value was introduced and we cannot say that the chancellor erred in not awarding these elements of damages to the appellants. The parties agree that the chancellor intended to place the parties as nearly as possible to the position each was in at the time of the transaction and to avoid unjust enrichment. The chancellor also declined to award special damages for abuse of the property by appellants as requested by appellee, and the court's refusal to award special damages to either party is not clearly against the preponderance of the evidence. Arkansas Rules of Civil Procedure, Rule 52(a).

Reversed and remanded.

CRACRAFT, C.J., and CORBIN, J., agree.