MORGAN *v.* STATE.

4501                                   211 S. W. 2d 108

Opinion delivered May 17, 1948.

*Cecil E. Johnson, Jr.,* and *Abe Collins,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant was indicted by the grand jury of Little River county for feloniously embezzling certain beans, the property of I. S. Cates. A petit jury found him guilty of grand larceny and fixed his punishment at one year in the state penitentiary.

I. S. Cates was harvesting a crop of soy beans on his farm near Foreman, Arkansas, in October, 1947, when he employed appellant as a truck driver in hauling the beans from the farm to the oil mill at Ashdown, Arkansas. As each load of beans was delivered to the oil mill, appellant was furnished a delivery ticket, which he returned to his employer, showing the weight of each load. Over appellant's objection that the weight tickets would be the best evidence of what they showed, Cates was permitted to testify that said tickets disclosed a discrepancy in weights involving a shortage of from 500 to 800 pounds on each load, after the first few loads hauled by appellant.

The witness further testified, over appellant's objection, that he took eight of the tickets showing the largest loads and eight showing the smallest loads and made a calculation based on the two groups of tickets, which disclosed a variation, or total shortage, of approximately 8,000 pounds of beans hauled by appellant. It was also shown by the witness that the weight tickets were at his home and could be produced within an hour. Appellant objected to all the testimony concerning what the weight tickets showed, and the calculations made by the witness from them, because it was based on records in possession of the witness which were the best evidence and should have been produced. The trial court overruled the objections to which exceptions were duly saved. Assignments 4, 5, and 6 in appellant's motion for new trial challenge the correctness of the trial court's ruling in the admission of this testimony.

In 20 Am. Jur., Evidence, § 403, it is said: "It is an elementary principle of the law of evidence that the best evidence of which the case in its nature is susceptible and which is within the power of the party to produce, or is capable of being produced, must always be adduced in

proof of every disputed fact. Secondary evidence is never admissible unless it is made manifest that the primary evidence is unavailable, as where it is shown that it has been lost or destroyed, is beyond the jurisdiction of the court, or is in the hands of the opposite party who, on due notice, fails to produce it.'' It is further stated at § 407 that this principle is not restricted to public documents and writings, but applies with equal force to a private writing; and where the contents of such writing are in issue, the instrument itself is the best evidence thereof, and must be produced or its absence legally accounted for and excused.

At § 433 of the same work it is said: ''Secondary evidence of the contents of writings is admitted upon the theory that the original cannot be produced by the party by whom the evidence is offered within a reasonable time by the exercise of reasonable diligence. Until, however, the nonproduction of the primary evidence has been sufficiently accounted for, secondary evidence is not ordinarily admissible. This rule applies to criminal, as well as civil, suits.'' See, also, 32 C. J. S., Evidence, § 828; *Finn* v. *State,* 127 Ark. 204, 191 S. W. 899.

We conclude that the court erred in admitting oral evidence of the contents of the weight tickets and the calculations of the witness, Cates, based thereon. This evidence was relevant to the issue of appellant's guilt. The tickets were in possession of the witness and could have been produced within a reasonable time. Under these circumstances, admission of secondary evidence of the contents of the tickets constituted prejudicial error calling for reversal of the judgment.

Appellant also filed a motion in arrest of judgment in which he challenged the sufficiency of the verdict on the ground that he was found guilty of grand larceny when he was indicted and tried for embezzlement. Appellant was indicted and tried under § 3151 of Pope's Digest, which provides that any agent, or employee, who shall embezzle property of his employer ''shall be deemed guilty of larceny, and on conviction shall be punished as in case of larceny.'' Section 3153 of Pope's Digest, as

amended by Act 323 of 1947, dealing with embezzlement by a bailee contains a similar provision. The trial court followed the language of the statute in his instructions to the jury and appellant made no objection to these instructions. The verdict of the jury finding appellant guilty of grand larceny was in accordance with the terms of the statute. It is not contended that the statute is invalid or unconstitutional and the court did not err in overruling the motion in arrest of judgment on this ground.

This brings us to the second ground urged by appellant in his motion in arrest of judgment, *i. e.*, that the facts stated in the indictment do not constitute a public offense amounting to a felony since the indictment does not allege the value of the property embezzled. While the value of the property alleged to have been embezzled is not set out in the indictment, it is alleged that appellant feloniously embezzled and converted the beans to his own use. Under our statute (§ 2922, Pope's Digest) a felony is defined as an offense punishable by death or imprisonment in the penitentiary. Since the cause must be retried on account of the error in the admission of testimony, and in view of the provisions of §§ 3851-3853 of Pope's Digest, as construed by this court in *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304, we find it unnecessary to decide whether the indictment is defective in failing to allege the value of the property alleged to have been embezzled. On remand of the cause for a new trial, the state may determine to either file a new charge or amend the present indictment.

For the error in admitting oral testimony of the contents of the weight receipts, the judgment must be reversed and the cause remanded for a new trial.