## MOON REALTY COMPANY, INC. *v.* ARKANSAS REAL ESTATE COMPANY, INC. et al

77-198                                    560 S.W. 2d 800

Opinion delivered January 30, 1978
(Division II)

*House, Holmes & Jewell,* by: *Paul N. Stanfield* and *Charles R. Nestrud,* for appellant.

*Pearce, Robinson & McCord,* by: *H. Clay Robinson,* for appellees.

FRANK HOLT, Justice. At a foreclosure sale appellant purchased certain real property belonging to two of the appellees, Arkansas Warehouse Corporation and Rose Courts. The foreclosure sale resulted from these two appellees' default on a $70,000 note. At the time of the judicial sale, the total indebtedness of these appellees, including interest and costs, was approximately $113,000. Appellant paid $5,000 in excess of this amount at the foreclosure. The court's order of foreclosure provided appellant with notice that the sale was subject to the United States' right under 28 USCA § 2410 (c) (1965) to redeem the property. The United States was made a defendant in the foreclosure proceeding inasmuch as the government admittedly had valid tax liens against these two appellees.

After the sale and within the statutory time limit, appellant was informed by the United States that unless it paid the undisputed outstanding tax liabilities of these two appellees, who had owned the property, together with the tax liabilities of three other appellees, Arkansas Real Estate Corporation, Robert M. Traylor and May Traylor, the government would exercise its right to redeem the property.

However, if the government exercised its right of redemption, the appellant would be made whole by reimbursing appellant for its purchase price, attorneys' fees, costs, and value of any improvements, plus 6% per annum. In order to preserve its interest in the recently purchased property or maintain ownership, appellant paid the Internal Revenue Service the total amount ($83,372.48) of the tax liabilities owed by all five appellees. Appellant then sought subrogation to the rights of the United States and a judgment against all five of the appellees for the amount of the tax liability discharged by its payment, which relief was denied for want of equity. Appellant asserts that the court erred in holding it was not entitled to be subrogated. Appellant contends that all elements or conditions required for the application of the subrogation doctrine were met by it.

Certain elements or conditions must be present for this equitable remedy to be properly applicable. Generally there must be a debt or obligation for which parties other than the subrogee are primarily liable and which the subrogee discharges for the protection of his own rights or interests (see *Whitley* v. *Irwin,* 250 Ark. 543, 465 S.W. 2d 906 [1971]); the obligation must be paid off in full (*Jones* v. *Harris,* 90 Ark. 51, 117 S.W. 1077 [1909]); and the one seeking subrogation must be something more than a mere volunteer or intermeddler (*Gosnell* v. *Garner,* 198 Ark. 989, 132 S.W. 2d 187 [1939]). Further the doctrine of "subrogation is administered not as a legal right, but the principle is applied to subserve the ends of justice, and to do equity in the particular case before the court." *Fed. Land Bank of St. Louis* v. *Richland Farming Co.,* 180 Ark. 442, 21 S.W. 2d 954 (1929).

Here at the time of the judicial sale, two of the appellees, Rose Courts and Arkansas Warehouse Corporation, the defaulting owners of the property, had outstanding and valid tax obligations to the U.S. Government. The government was made a defendant in the foreclosure proceeding by virtue of having tax liens against these appellees. The foreclosure sale extinguished the tax liens as to these two appellees on the property foreclosed. However, the foreclosure did not extinguish their debt to the government and these appellees were still directly liable to the government for their outstanding tax liabilities.

The United States had the right to redeem the property foreclosed and informed appellant that it intended to do so unless it paid these two appellees' outstanding tax liabilities plus the tax liabilities of the other three appellees, who, it appears, were not a party to the foreclosure proceeding. Appellant elected to pay in full the tax obligations of all five appellees in order to preserve its interest in the recently purchased property because it was valuable to appellant for assemblage with other adjoining land owned by it.

We hold that the appellant is entitled to subrogation as to the two appellees, Rose Courts and Arkansas Warehouse Corporation, the defaulting owners of the property, against each of which the government had a valid tax lien. Clearly, the elements of subrogation exist as to them because each owed a debt or obligation to the government which had filed a tax lien on their property. It was paid in full by appellant in order to preserve its rights and interest in the foreclosed property. Therefore, the appellant cannot be said to be a mere volunteer or intermeddler as to the extent or payment of their taxes. We have held that where someone who has an interest in property pays the taxes due thereon from another, he is subrogated to the lien taxing authority. *Holloway* v. *Bank of Atkins,* 205 Ark. 598, 169 S.W. 2d 868 (1943).

As to the other three appellees, Arkansas Real Estate Corporation, Robert M. Traylor and May Traylor, we are of the view that the appellant was a volunteer whenever it decided to pay their taxes. It is true that the United States made demand upon appellant for it to pay the taxes owed by these three appellees even though they were not a party to the foreclosure proceeding or apparently had no interest in it. We stated in *Gosnell* v. *Garner, supra*:

> We can see no application here for the doctrine of subrogation. What appellees did was as a volunteer and a stranger, and 'a stranger and volunteer as these terms are used with reference to the subject of subrogation, is one who, in no event resulting from the existing state of affairs, can become liable for the debt, and whose property is not charged with the payment thereof and cannot be sold therefor. . . . Anyone being under no

legal obligation or liability to pay the debt is a stranger, and if he pays the debt, a mere volunteer.'

Here, admittedly, the government would have made appellant whole by the repayment of its purchase price and other expenditures, plus 6% interest, had appellant not elected to pay the tax liabilities of these three strangers to the foreclosure proceedings. As indicated, we are of the view that appellant is not subrogated to the rights of the United States to enforce the tax liabilities of these three appellees.

Affirmed in part and reversed in part.

We agree: HARRIS, C.J., and HICKMAN and HOWARD, JJ.

BYRD, J., dissents as to the reversal.