Nancy L. FOOTE, Executrix *v.*
JITNEY JUNGLE, INC.

84-61                                     671 S.W.2d 186

Supreme Court of Arkansas
Opinion delivered July 2, 1984

*Johnson & Harrod,* by: *William E. Johnson,* for appellant.

*Wells, Moore, Simmons & Stubblefield;* and *Mitchell, Williams, Selig, Jackson & Tucker,* for appellee.

GEORGE ROSE SMITH, Justice. On January 19, 1983, the appellant obtained an $87,831.75 default judgment against the appellee, upon the appellee's failure to file a timely response to a writ of garnishment issued upon a judgment the appellant had obtained against C.C. Gladden. On motion the trial judge set aside the default judgment upon a finding of unavoidable casualty. ARCP Rule 60 (c) (7). Our jurisdiction of this appeal from the final judgment in the matter is under Rule 29 (1) (c). We affirm.

The facts are not in dispute, the appellant having

offered no testimony at the hearing on the motion to set aside the default judgment. The appellee is a Mississippi company that franchises many convenience stores in several states. When one of its officers, Jerry Summerford, received the writ of garnishment on January 3, 1983, from the company's Arkansas agent for service, Summerford mistakenly thought a response was due 20 days from that date instead of from December 28, when service had been had. Summerford telephoned the appellant's attorney on January 3 and explained that there might be some difficulty in filing an answer by the due date. The attorney replied: "Don't worry. File it whenever you obtain the information."

The attorney nevertheless had a default judgment entered on January 19, two days after the answer had been due. On January 20 Summerford's assistant wrote to the attorney, explaining that the judgment debtor, Gladden, owned a one-third interest in a DeQueen store that the appellee was leasing for $750 a month. The letter ended: "We trust this will be of help to you. Please advise if you should have any further questions." It was noted that a copy of the letter was being sent to the circuit clerk who had issued the writ of garnishment.

Upon receiving the appellee's letter on January 21, the appellant's attorney did not inform Summerford that a default judgment had been taken two days earlier. Instead, the attorney apparently did nothing until the expiration of the 90-day period allowed by ARCP Rule 60 (b) for modification of a judgment. A writ of execution was then obtained against the appellee, resulting in its petition to set aside the default.

The trial judge was right in granting relief from the default. At the very least there was a misunderstanding about whether the appellee's time for answering had been extended by agreement. That brings the case within our holding in *Martin v. Martin,* 241 Ark. 9, 405 S.W. 2d 934 (1966), where we said:

> Where an attorney's failure to resist an application for a default judgment is attributable not to any fault

on his part but to a misunderstanding between counsel, there is such an unavoidable casualty that the judgment should be vacated, even after the expiration of the term. *Kochtitsky & Johnson* v. *Malvern Gravel Co.,* 192 Ark. 523, 92 S.W. 2d 385 (1936).

The appellant also argues that the appellee did not plead or prove a valid defense to the default judgment, as required by ARCP Rule 60 (d). That argument, raised for the first time on appeal, cannot be sustained. Summerford's testimony, introduced without objection, supported the trial judge's finding that the appellee owed Gladden only $250, one third of one month's rent. The appellant was awarded a judgment in that amount. If the appellant thought that Summerford's testimony was not as precise as it might have been, such an objection should have been made when the omission could have been readily corrected. *Heard* v. *State,* 272 Ark. 140, 612 S.W. 2d 312 (1981).

Affirmed.

HAYS, J., not participating.