Cynthia Ann Tinnon BESHEAR *v.* John AHRENS & Bob
KNIGHT, Individually, d/b/a MOUNTAIN HOME
BROADCASTING CORPORATION

85-303                                              709 S.W.2d 60

Supreme Court of Arkansas
Opinion delivered May 12, 1986

*Sanford L. Beshear, Jr.*, for appellant.

*Leo J. Carner*, for appellees.

DAVID NEWBERN, Justice. This appeal arises from an action for partition brought successfully by the appellant, Cynthia Beshear. She appeals from an award granted by the trial court to her two cotenants, the appellees, against her share of the partition proceeds. The appellees contended they had paid Mrs. Beshear's share of the mortgage, taxes, and insurance for a period in excess of three years. The court awarded the appellees an amount equal to one-third of the morgage, taxes, and insurance payments over a three-year period. The appellant claims it was error to require her to contribute one-third of these payments. She argues laches and contends she had been dispossessed of the property by her two cotenants and was thus entitled to a set-off for rent. She also urges it was error not to have awarded her attorney a fee. We affirm the decree.

The property in question was referred to by the witnesses as a lake cabin. It was purchased around 1976 by John Ahrens, Bob Knight and Gayland Pitts, each owning a one-third interest. In 1979, Ed Cunningham, the former husband of the appellant, purchased Pitts's one-third interest and began making one-third of the mortgage payments. Cunningham and the appellant were divorced in 1980. The divorce decree purportedly conferred upon the appellant the one-third interest in the property she and Cunningham had owned jointly and upon Cunningham the obligation to retire the debt. Cunningham made the payments for one-third of the mortgage, taxes and insurance until 1981. Upon Cunningham's death in 1982, the appellant inquired of the appellees what they were to do about the lake cabin. They assured her she need not worry about it. The payments on the mortgage, insurance, and taxes on behalf of the appellees were made by Mountain Home Broadcasting Corp., except that in 1982 the appellant was asked to make the annual insurance payment, and she did.

The appellant claimed the appellees were barred by laches from recouping the one-third they had paid on behalf of her interest in the property in view of their failure to make any demand of her, other than with respect to the 1982 insurance payment, or to claim against Cunningham's estate. She claims they are not entitled to subrogation because they made the payments as mere volunteers. She also says their claim is barred because they did not present the "best evidence" of having made the payments, i.e., documentary evidence. Further, she argues the condition in which the appellees maintained the cabin effectively dispossessed her, and she is entitled to rental value to an extent which would, when set off against the appellees' claim, reduce it to nothing.

### 1.  Laches

There is no evidence that any demand, other than for the 1982 insurance payment, was made on the appellant from the time Cunningham stopped making the payments in 1981. The appellant says this silence estops the appellees from making the demand now, citing *Franklin* v. *Hempstead County Hunting Club*, 216 Ark. 927, 228 S.W.2d 65 (1950). The appellants' brief quotes this language from the *Franklin* case, which, in turn, quoted it from *Stewart* v. *Pelt*, 198 Ark. 776, 131 S.W.2d 644 (1939):

> "The doctrine of laches which is a species of estoppel rests upon the principle that, if one maintains silence when in conscience he ought to speak, equity will bar him from speaking when in conscience he ought to remain silent. . . ." [216 Ark. at 930, 228 S.W.2d at 67]

After the ellipsis, the quotation, not included in the appellant's brief, continues as follows:

> "Mere lapse of time before bringing suit, without change of circumstances or in the relation of the parties, will not constitute laches. Not only must there have been unnecessary delay, but it must appear that, by reason of the delay, some change has occurred in the condition or relation of the parties to the property which would make it inequitable to enforce the claim. So long as the parties are in the same condition, a claim for land may be asserted within the time

allowed by law."

The quotation, in its entirety, is a correct statement of the laches doctrine. The appellant has shown no change, resulting from the delay, which would make enforcement of the appellees' claim inequitable.

## 2. Subrogation

The appellant contends the appellees made the one-third payments due with respect to her part of the property as "mere volunteers," citing *Moon Realty Co., Inc. v. Arkansas Real Estate Co., Inc.*, 262 Ark. 703, 560 S.W.2d 800 (1978). In that case, Moon Realty Co. had purchased at a foreclosure sale property belonging to Arkansas Warehouse Corp. and Rose Courts. The U. S. Government held a tax lien on the property. As to Arkansas Warehouse Corp. and Rose Courts, the specific lien was satisfied in the foreclosure action, but the foreclosure did not completely satisfy their tax obligation to the government or that of three other persons who were presumably somehow related to Arkansas Warehouse Corp. and Rose Courts but were not parties to the foreclosure proceeding. To avoid redemption by the government of the foreclosed property, Moon Realty Co. paid the outstanding tax liabilities of all five of the appellees. We held that subrogation was appropriate as to the amounts paid on behalf of Arkansas Warehouse Corp. and Rose Courts but not as to the other three. The difference was premised on our conclusion that as to Arkansas Warehouse Corp. and Rose Courts there had been a "valid tax lien" with respect to the property in which Moon Realty Co. was trying to protect its interest, but not as to the others whose taxes were paid.

In this case, the appellees had an interest in the property to protect. Had not complete payments (three-thirds as opposed to two-thirds) been made, the mortgage presumably could have and would have been foreclosed. The appellees' situation vis-á-vis the appellant is thus analogous to that of Moon Realty Co. vis-á-vis Arkansas Warehouse Corp. and Rose Courts, and subrogation was appropriate. *See also Cox v. Wooten Brothers Farms, Inc.*, 271 Ark. 735, 601 S.W.2d 278 (Ark. App. 1981).

### 3. Best Evidence

The appellant contends that because the appellees did not present documentary evidence of the payments they had made on her behalf their counterclaim should have been denied. We do have cases, such as *Morgan* v. *State*, 213 Ark. 493, 211 S.W.2d 108 (1948), holding that if primary evidence of a transaction is available, secondary evidence is inadmissible. Here, however, no objection was made by the appellant to the testimony presented by the appellees as to the amounts they paid. When no objection has been made at the trial level, we will not consider a question of admissibility of evidence on appeal. *Foote* v. *Jitney Jungle, Inc.*, 283 Ark. 103, 671 S.W.2d 186 (1984); *Arkansas State Highway Commission* v. *Newton*, 253 Ark. 903, 489 S.W.2d 804 (1973).

The dearth of evidence produced at the trial is remarkable. Not only did the appellant not produce her divorce decree by which she acquired her former husband's interest in the property, she showed no indicia of title whatever. Nor was the two-thirds interest of the appellees or the encumbrance demonstrated by any deed or mortgage. The entire proceeding was based on the testimony of the parties except for some pictures and a video tape introduced by the appellant to show the condition of the property.

This lack of evidence of title troubled the chancellor, and rightly so. But he ultimately concluded that neither side doubted or contested the fact that the propety was owned in thirds by the appellant and the two appellees, and that it was subject to a mortgage. He held that it would be unfair not to require the appellant to make contributions of one-third of the payments made by the appellees for the three preceding years. We agree.

The chancellor cited *Houston* v. *Griffin*, 227 Ark. 709, 300 S.W.2d 931 (1957). In that case we held that one who had paid off a purchase money mortgage and taxes was entitled to contribution from a cotenant. That the appellant may have had a claim against the estate of Cunningham for failure to have made the payments as required by the divorce decree does not detract from the uncontested facts that the appellant was a cotenant with the appellees, the property was subject to a mortgage, insurance, and taxes, and that the appellees made the full payments.

### 4. Possession

The appellant's testimony was devoted mostly to saying she was effectively dispossessed because of the dirty condition in which she found the cabin from time to time, forcing her to stay in a motel rather than clean the cabin. The chancellor found the actions of the appellees in this respect did not amount to dispossession of the appellant. He, therefore, denied her a rental value set off against the counterclaim.

While a tenant in common who excludes a cotenant may be liable for rent, *see Lawrence* v. *Lawrence*, 231 Ark. 324, 329 S.W.2d 416 (1959); *Hamby* v. *Wall*, 48 Ark. 135, 25 S.W.705 (1886), dispossession is largely a question of fact. We will not reverse the chancellor's determination absent a showing it was clearly erroneous. Ark. R. Civ. P. 52(a). That has not been shown here.

### 5. Attorney Fee

The appellant contends that she is entitled to have an attorney fee taxed as costs in the action as provided in Ark. Stat. Ann. § 34-1825 (Supp. 1985).

There are at least two reasons to deny the fee. First, although a fee was requested in the appellant's complaint, the matter was not raised with the chancellor at or after the trial. The chancellor made no ruling whatever on the matter of a fee because he was not asked to. Secondly, Ark. Stat. Ann. § 34-1825.1 (Supp. 1985) limits the court in the award of a fee to consideration of "only those services performed by the attorney requesting a fee which are of common benefit to all parties." There is no evidence of any such services having been performed by the appellant's attorney.

Affirmed.

PURTLE, J., not participating.