Harold HELTON *v.* Tonya Lacon FULLER and Murphy
Fuller

89-49                                                 772 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered July 3, 1989

*Guy Jones, Jr., P.A.*, for appellant.

*Huckaby, Munson, Rowlett & Tilley, P.A.*, by: *James W. Tilley*, for appellee.

JOHN I. PURTLE, Justice. The Faulkner County Circuit Court "sanctioned" attorney Guy H. Jones, Jr., for his failure to have his clients present for the taking of depositions and for his appearance at trial without being properly prepared. The sanctions imposed consisted of $250.00 plus expenses and attorney's fees on the first matter and $500.00 plus expenses and attorney's fees on the second. We affirm with respect to the sanctions imposed on the failure to properly respond to the notice to take depositions, but reverse with respect to the sanctions imposed on the failure to be prepared for trial.

Neither the parties' briefs nor the record cite any authority under which the trial court acted with reference to the sanctions concerning the depositions. We must conclude that the action was taken pursuant to Arkansas Rules of Civil Procedure, Rule 37(a)(4) or 37(d). Nor have we been cited to specific or general authority for the action taken relating to being unprepared on the date the trial was to commence.

The appellees made a motion for sanctions pursuant to ARCP Rule 37. Rule 37(a)(4) reads:

> (4) Award of Expenses of Motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them, to pay the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(d):

> If a party . . . fails (1) to appear before the officer who is to take his deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . In lieu of any other order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

■ The facts in this case are in considerable dispute, but facts are to be decided by the trial court in the absence of a jury. The trial court is acquainted with the parties and the circumstances surrounding this matter and is in a much better position than the appellate court to determine the credibility of the witnesses. We cannot say that the imposition of the sanctions concerning the failure to appear for the depositions was not in accordance with the preponderance of the evidence.

It is obvious that the present proceedings were not the only matters considered by the trial court. In imposing the sanctions the court stated:

> I don't know how to get your attention, Mr. Jones. You know I have tried every way in the world to get your attention. Contempt proceedings and the works, but it just can't reach you, and I — you know, maybe it's my fault.

■ The court was clearly acting within the scope of our rules concerning the taking of depositions. If sanctions were not authorized it would be difficult for trial judges to compel discovery and to otherwise manage their caseloads. The failure to properly respond to notice of a deposition was a matter which was properly considered by the trial judge upon the motion of the attorney for the appellee. Rule 37 authorizes the imposition of sanctions "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." The rule authorizes sanctions against the party to be deposed or his attorney if either fails to appear without just cause.

■ We find no authority under ARCP Rule 11 or Rule 37 which authorizes sanctions against an attorney for not being prepared for trial. However, such an abdication of responsibility could be the subject of a contempt proceeding or could be referred to the Supreme Court's Committee on Professional Conduct. It could be the subject of a civil suit.

After a review of the record we are of the opinion that the trial court proceeded properly in imposing sanctions and expenses, including attorney's fees, on the attorney for the failure of his clients to appear at the time and place notified for the taking of depositions. However, we are unable to find specific authority for imposing sanctions on the attorney because he was not prepared for trial. Therefore, the sanctions of $500 plus expenses and attorney's fees relating to the failure to be prepared for trial are reversed.

Affirmed as modified.

HICKMAN, NEWBERN, and GLAZE, JJ., concur.

TOM GLAZE, Justice, concurring. I concur. The majority opinion recites certain remarks by the trial judge and suggests

that the attorney's actions in proceedings unrelated to the present case were somehow relevant and sufficient to affirm the sanctions imposed against the attorney here. If this court had to rely upon unrelated proceedings to affirm the trial judge's action in this case, I would reverse. Such is not the case. Since the majority opinion fails to discuss the facts that led to the imposition of sanctions, I briefly relate them in this concurrence. First, appellees, in proceeding below, were required to file a motion to compel appellant's attorney to answer certain written interrogatories. Second, appellees attempted to schedule depositions in this matter and were rebuffed by appellant's counsel's objection to notice. Third, once depositions were scheduled, neither of counsel's two witnesses showed. One witness, Mr. Donahue, testified the attorney notified Donahue of the deposition only minutes before the deposition was scheduled to take place. The other witness, the appellant, offered no explanation why he did not attend the deposition. Based upon these facts, I cannot say the trial judge abused his discretion in imposing the sanctions he did.

Concerning the trial judge's imposition of sanctions concerning the attorney being unprepared for trial, I again agree with the majority that the judge was wrong. No such authority exists under Rule 37. However, I disagree with the suggestion that an attorney's lack of preparation is grounds for contempt. Nor do I agree that Rule 11 has any connection with this issue on appeal since Rule 11, by its terms, is limited to pleadings. In my view, the majority's discussion of Rule 11 is irrelevant, misleading and should be omitted.

HICKMAN and NEWBERN, JJ., join this concurrence.