SPHERE DRAKE INSURANCE COMPANY and E.W. Turner & Company *v.* BANK OF WILSON

91-149                                     817 S.W.2d 870

Supreme Court of Arkansas
Opinion delivered November 4, 1991

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellants.

*Fendler, Gibson, Bearden & Rhodes*, by: *Mike Gibson*, for appellee.

ROBERT H. DUDLEY, Justice. The primary issue in this case involves a sanction imposed against the appellant insurance company for failing to obey an order compelling discovery.

Edward and Rachael Carr borrowed money from the appellee Bank of Wilson. The bank contends the Carrs secured the debt with a real estate mortgage on a building in Joiner, but this fact is disputed by the appellant insurance company. The Carrs sold the building to the Conways and, as security for the purchase price, the Conways gave back to the Carrs a deed of trust on the building. The Conways insured the building with appellant Sphere Drake Insurance Company. The policy of insurance named the bank as an insured mortgagee. Later, the Carrs assigned to the bank the deed of trust which they had received from the Conways. The building burned, but the insurance company refused to pay the loss because, it contended, the building had been deliberately burned by the Carrs and the Conways. The bank responded that, as mortgagee, it was entitled to recover regardless of whether arson had been committed. The insurance company still refused to pay and contended that the bank did not have a mortgage from the Carrs; that the only security the bank had on the building was the assignment of the deed of trust given by the Conways to the Carrs and, that being so, the bank would have only the same rights as the assignors, the Carrs. The bank filed suit against the insurance company and prayed for damages in an amount equal to the amount of the Carr's debt.

Numerous pleadings were filed, but only a few are germane to the resolution of the arguments on appeal. Among them are a pleading by the insurance company alleging that it did not owe any money under the terms of the policy, but that if it did owe, it owed only for the value of the building insured and not for the amount owed by the Carrs. The next relevant pleading is a set of four (4) interrogatories which the bank propounded to the insurance company. The interrogatories were filed and served on June 15, 1990, and asked the names of witnesses and exhibits to be used at trial. At that time, the insurance company's attorneys were having a difficult time communicating with their client, a London, England firm, and they did not want to devote more time to the case if they were not going to be paid. As a result, they did not answer the interrogatories.

The insurance company's attorneys told the bank's attorneys about their problem. On August 13, 1990, one of the bank's attorneys wrote the insurance company's attorneys and stated:

> I have gone ahead and prepared and filed a Motion To Compel Answers To Interrogatories, and perhaps this will help you in getting your client off center. As I understand it, this case is scheduled for trial beginning the first week in November, and we would like to go ahead and complete our discovery, but cannot do so until we know the names and addresses of your witnesses and documents which you intend to use at the trial of this case.

Over a month later, on September 26, 1990, the trial court entered an order compelling answers to the interrogatories. The last part of the order provides that the insurance company shall answer the interrogatories "and deliver a copy of said answers to the plaintiff's [bank's] attorney within ten (10) days after this date and, *upon their failure to so answer, judgment shall be entered for the plaintiff as prayed for in its complaint.*" (Emphasis added.) The order was served on the insurance company's attorneys.

There is some dispute about what happened next, but it is undisputed that the interrogatories were not answered within the ten-day limit, and no extension was asked of the trial court. The insurance company's lawyers contend they told the bank's attorneys that they were not going to answer and that the bank's attorneys never indicated that was unacceptable. The bank's lawyers deny such a conversation. Both sets of attorneys agree that the insurance company's attorneys made an offer of settlement during this period.

On October 15, 1990, the bank's principal trial attorney attempted to call the insurance company's principal trial attorney, but was unable to reach him. It is undisputed that the bank's attorney asked the secretary of the insurance company's attorney to give the attorney the message: "Bank unwilling to yield."

The next day, October 16, the bank's trial attorney telefaxed a message to the insurance company's trial attorney stating that the $10,000 offer of settlement was declined as a bad faith offer because the building had a value of at least $15,000 or $16,000,

and that he was going to seek the sanction of a judgment for the insurance company's failure to answer the interrogatories. Later that same day the trial court entered an order of default judgment as to liability and damages. The trial court set damages at the amount prayed, $31,724.47, which was the amount of the Carr's debt, plus 12% penalty, attorney's fees, and costs. The insurance company subsequently answered the interrogatories and moved to have the default judgment set aside. The trial court refused to set aside the default judgment.

The insurance company appeals and makes two (2) arguments. First, it argues that the trial court erred in refusing to set aside the default judgment. That argument is without merit as to liability. Second, it argues that the trial court erred in granting the default as to damages. That argument has merit.

ARCP Rule 37, entitled "Failure to Make Discovery; Sanctions," provides that after a trial court issues an order to compel an answer to an interrogatory, and the party still fails to comply with the trial court's order, the trial court may enter a sanction against the offending party by, among other things, "rendering a default judgment against the disobedient party." ARCP Rule 37(b)(2)(C).

ARCP Rule 6(b)(2) would have given the trial court the authority to enlarge the time for the insurance company to answer if it had asked for it. However, it did not ask the trial court to enlarge the time and, instead, filed nothing until after the default judgment was entered.

ARCP Rule 55(c) authorizes a trial court to set aside a default judgment "upon a showing of excusable neglect, unavoidable casualty, or other just cause." The appellant insurance company argues that such unavoidable casualty and just cause existed in this case. Its argument is based upon its attorneys' version of the alleged conversations between attorneys. In support of its argument, it cites such cases as *Foote* v. *Jitney Jungle, Inc.*, 283 Ark. 103, 671 S.W.2d 186 (1984). In that case, a writ of garnishment was served on the garnishee. One of the garnishee's officers immediately phoned the attorney who had caused the writ to issue and said there might be some difficulty in filing an answer by the date it was due. The attorney replied: "Don't worry. File it whenever you obtain the information." Two (2) days after the

garnishee's answer was due the attorney for the creditor took a default judgment. Three (3) days after the due date the answer was filed. The trial court set aside the default judgment. We affirmed. *See also Martin* v. *Martin*, 241 Ark. 9, 405 S.W.2d 934 (1966). Those cases are not applicable to the case at bar because, in each of them, attorneys or parties had a valid misunderstanding about when something was to be filed. Here, there could be no such valid misunderstanding, because the offending party was given a direct court order telling it when to answer. Even if the insurance company's attorneys' version of the facts should be correct, and the bank's attorneys did not indicate that the insurance company's failure to file responses was unacceptable to them, it would not matter. The bank's attorneys did not have the authority to authorize the insurance company to flaunt the order of the trial court. In fact, it is hard for us to imagine many situations where the refusal to comply with a direct order of a court would come within "excusable neglect, . . . or other just cause." Accordingly, we affirm the trial court's refusal to set aside the sanction of a default judgment as to liability.

However, the default judgment should have been as to liability only, that is, it should have provided only that the insurance company was liable to the bank on the insurance policy. But, the default judgment went further and assessed damages.

The bank urges us to affirm the damages fixed in the default judgment, $31,724.47, plus 12% penalty, attorneys' fees and costs, because, it argues, they are not damages, but instead, are a monetary sanction imposed on the insurance company for its failure to respond to the interrogatories. The bank argues that our holding in *Helton* v. *Fuller*, 299 Ark. 341, 772 S.W.2d 343 (1989) authorizes such a sanction. We cannot affirm a damage award on such a basis. ARCP Rule 37(b)(2)(C) does not provide authority for trial courts to award monetary sanctions of the kind awarded here, and this was expressly mentioned in both the majority and concurring opinions in *Helton* v. *Fuller, supra.* The award in that case was affirmed on the basis of an award of expenses incurred for failure to appear for a deposition. *See* Rule 37(a)(4). Subsection (b)(2)(D) of the same rule provides that, in addition to the sanctions listed in subsection (C), the trial court may hold a disobedient party in contempt and impose the appropriate punishment, but that was not the case here. The monetary award

granted in this case was clearly the amount of damages prayed, and there is no authority for such a sanction when the damages are unliquidated.

Accordingly, we affirm the granting of the default judgment as to liability, but reverse the granting of default judgment as to damages, and remand for proceedings consistent with this opinion.

BROWN, J., not participating.