Cite as 2020 Ark. App. 173

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-18-724

|  |  |
|---|---|
| S.A.M. GROUP, LLC<br><br>APPELLANT<br><br>V.<br><br>CR CRAWFORD CONSTRUCTION, LLC<br>APPELLEE | **Opinion Delivered** March 11, 2020<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. 72CV-17-2960]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant S.A.M. Group, LLC, appeals the Washington County Circuit Court's imposition of discovery sanctions against it pursuant to Rule 37(b)(2) of the Arkansas Rules of Civil Procedure. While we acknowledge that the sanctions imposed in this case were extremely harsh, we affirm because they do not amount to an abuse of discretion.

Appellee CR Crawford Construction, LLC, filed a complaint against appellant claiming that appellant owed it money from a construction contract. Appellant filed a timely answer and raised several defenses.

Appellee served appellant with discovery requests and received no response. Appellee filed a motion to compel, and before the time expired for appellant to respond, the court entered an order requiring appellant to comply with discovery within seven days. Appellant then responded to the discovery requests but did not provide full and complete responses; it objected to one request, stated that it would supplement one response at a later date, and

responded "N/A" to two requests for production. Appellee moved for sanctions, appellant responded with a general denial that sanctions were appropriate, and the court then issued an order finding that appellant's refusal to participate in discovery as ordered had delayed the progress of the case and hindered trial preparations and imposing sanctions. The court struck appellant's defenses and counterclaims and held a number of facts to be admitted, including the amount that appellant owed appellee under the contract.

The case proceeded to trial, and appellant failed to appear despite notice to all parties of the trial date and time. Appellee presented the testimony of its corporate representative, Justin Reeves, and the circuit court found in favor of appellee for breach of contract and awarded it $158,015.40 with prejudgment interest, costs, and attorney's fees. Appellant now appeals the court's order imposing sanctions.

The imposition of discovery sanctions is governed by Arkansas Rule of Civil Procedure 37(b)(2). The rule authorizes the circuit court to impose sanctions if a party fails to obey an order to provide discovery and gives the court broad discretion to "make such orders in regard to the failure as are just," including refusing to allow the party "to support or oppose designated claims or defenses," "striking pleadings," "dismissing the action," or "rendering a judgment by default against the disobedient party." Ark. R. Civ. P. 37(b)(2). There is no requirement that a circuit court make a finding of willful or deliberate disregard before sanctions are imposed for failure to comply with discovery requirements. *Coulson Oil Co. v. Tully*, 84 Ark. App. 241, 139 S.W.3d 158 (2003).

We review the imposition of discovery sanctions for abuse of discretion, and the bar to demonstrate that the circuit court has abused its discretion in an order under Rule 37 is very

high. *Phelan v. Discover Bank*, 361 Ark. 138, 205 S.W.3d 145 (2005). A circuit court abuses its discretion when it acts thoughtlessly, improvidently, or without due consideration. *Hardesty v. Baptist Health*, 2013 Ark. App. 731, 431 S.W.3d 327.

Appellant argues that the sanctions the circuit court imposed were unduly harsh and disproportionate to appellant's violation. It also argues that the court erred by finding facts that essentially amounted to an award of damages.

First, we note that appellant failed to raise any of these arguments below. When appellee moved for sanctions, appellant filed only a general denial without articulating why the sanctions should not be imposed. After the court had issued its order imposing sanctions, appellant neither raised any of the arguments it now makes on appeal nor appeared at trial. It is well settled that this court will not address arguments raised for the first time on appeal. *Hill v. State*, 341 Ark. 211, 16 S.W.3d 539 (2000); *Wallace v. State*, 326 Ark. 376, 379, 931 S.W.2d 113, 115 (1996). Because appellant never provided the circuit court with the opportunity to consider and rule on the arguments it now makes on appeal, they are unpreserved for our review. If appellant's general response to the motion for sanctions was sufficient to preserve its argument that the sanctions were unduly harsh, its points on appeal provide no basis for reversal.

While appellant addresses each of the four discovery requests to which it objected or failed to provide full responses—and in some cases argues that its objections or responses were reasonable—it does not argue that the court was not authorized to impose sanctions under Rule 37. In fact, appellant acknowledges that the court was justified in imposing

3

sanctions and simply argues that the sanctions were an abuse of discretion because they were disproportionately harsh.

Rule 37 specifically provides for several types of sanctions that may be imposed, and that list includes the sanctions imposed in this case. In fact, appellant concedes in its brief that "[w]hile it is within the [court's] discretion to impose the sanctions imposed in this case, the trial court abused its discretion based upon the facts of this case." Appellant has cited no authority for the position that discovery sanctions explicitly authorized under our rules can be an abuse of discretion if we deem them to be too harsh. Our supreme court has held that although discovery sanctions may be extremely harsh, "it is crucial to the judicial system that the trial courts retain the discretion to control their dockets and imposition of discovery sanctions is one method to facilitate that function." *Lake Vill. Health Care Ctr., LLC v. Hatchett*, 2012 Ark. 223, at 8, 407 S.W.3d 521, 527.

Even the cases cited by appellant support the circuit court's imposition of sanctions. In *Harvest Construction General Contractors, Inc. v. Latco Construction, Inc.*, we approved the striking of pleadings as a sanction. 2012 Ark. App. 610. In *Cagle v. Fennel*, 297 Ark. 353, 761 S.W.2d 926 (1988), the Arkansas Supreme Court affirmed the circuit court's dismissal of a cause of action based on appellant's failure to attend two depositions and failure to pay the costs and fees assessed by the circuit court judge. Appellant cites both cases in an attempt to argue that its own failure to fully respond to discovery was far less egregious than the facts in those cases. However, neither *Harvest Construction* nor *Cagle* support the proposition that Rule 37 sanctions must be proportionate or balanced to the nature and severity of the discovery violation. As discussed above, we give circuit courts wide latitude to manage their own dockets and to judge

4

the appropriateness of discovery sanctions. Here, the sanctions imposed were explicitly authorized under Rule 37, and appellant has cited no authority to warrant reversal.

Appellant also argues that the circuit court erred by awarding damages, which it says is not a permissible form of sanctions. Specifically, it argues that by finding that appellant's breach of the contract caused damages in the amount of $158,015.40 (the amount alleged in appellee's complaint), the court impermissibly awarded damages as a sanction, which is not an approved sanction listed in Rule 37. We have previously stated that "[t]he Rule gives a non-exclusive list of examples of sanction orders," *Matthews v. Matthews*, 2009 Ark. App. 400, at 8, 322 S.W.3d 15, 19; but in *Sphere Drake Insurance Co. v. Bank of Wilson*, 307 Ark. 122, 126, 817 S.W.2d 870, 873 (1991), the Arkansas Supreme Court reversed when a circuit court relied on Rule 37 to not only enter a default judgment but also award damages. The court held that the default judgment should have been entered as to liability only. *Sphere Drake Ins. Co.*, 307 Ark. at 126, 817 S.W.2d at 873. Appellant argues that the court similarly erred here by establishing as fact that it owed appellee a set amount of money under the construction contract.

Again, the sanction imposed is explicitly allowed under Rule 37, which authorizes the circuit court to prohibit the offending party from supporting or opposing specific claims and designating certain facts to be established for the purposes of the action in accordance with the claim of the party obtaining the order. Ark. R. Civ. P. 37(b)(2)(A). Here, the court established as fact the amount appellant owed under the contract as a sanction for appellant's failure to respond to an interrogatory that asked for the amount of money appellant contended it owed. Rather than responding, even after having been ordered by the court to do so, appellant simply stated that it would supplement the response after it had determined out-of-

5

pocket expenses. Therefore, the court was expressly authorized pursuant to Rule 37 to make findings of fact directly related to this interrogatory appellant failed to answer.

Finally, appellant's position on appeal is further undercut by the fact that it failed to appear for trial. While appellant argues that there was no point for it to appear at trial when it was barred from opposing appellee's claims or presenting any defenses, and the court had already made the essential findings of fact regarding how much was owed under the contract, the reality is that the court had not yet entered judgment until after appellee put on uncontested evidence at trial. It is difficult—if not impossible—for us to evaluate the prejudice that the court's sanctions imposed on appellant because appellant failed to proffer the evidence that it would have presented but for the imposition of sanctions. V*iking Ins. Co. of Wis. v. Jester*, 310 Ark. 317, 329, 836 S.W.2d 371, 378 (1992) ("[T]he general rule is that a trial court will not be reversed unless it committed some prejudicial error.").

Therefore, while we agree that the discovery sanctions imposed in this case were harsh, we hold that appellant failed to show an abuse of discretion.

Affirmed.

HARRISON and SWITZER, JJ., agree.

*Chris Rippy*, for appellant.

*Wales Comstock*, by: *Jason Wales*, for appellee.